STATE ex rel. HENRY W. LEE v. CITY OF THIEF RIVER FALLS and Others.

April 19, 1899.

Nos. 11,453—(70).

### Laws 1897, c. 81—Incorporation of Cities.

Laws 1897, c. 81, legalizing the incorporation of cities of the class therein designated, is a general law and constitutional.

### City of Thief River Falls.

The city of Thief River Falls is, by virtue of such statute, a legal municipal corporation.

Proceeding in the nature of quo warranto in the district court for

Polk county to test the validity of the incorporation of defendant city and the right of defendants Chase L. Dobner and others to hold the offices of mayor, aldermen and treasurer thereof respectively. The cause was referred by the court, Ives, J., to Adolph C. Wilkinson, Esq., to hear and determine the issues. From his order, sustaining a demurrer to the petition and information, relator appealed. Affirmed.

*Henry W. Lee,* relator, pro se.

*Francis Hibner, Ira C. Richardson* and *H. Steenerson,* for respondents.

START, C. J.

This is a proceeding in the nature of quo warranto to test the validity of the incorporation of the city of Thief River Falls and the right of the individual respondents to offices thereunder. The attorney general of the state having declined to act in the premises, the district court in and for the county of Polk made its order granting the relator permission to file the information herein, and further ordered that the petition upon which the order was based be made a part of the information, and that the respondents answer thereto within 20 days. The information was filed pursuant to the order, and the respondents demurred on the ground that the information and petition did not state facts sufficient to constitute a cause of action, and that the allegations thereof do not entitle the relator to any relief. The relator appealed from an order sustaining the demurrer.

The allegations of fact in the petition and information, so far as here material, are: That the village of Thief River Falls is, and was on and prior to June 8, 1896, a municipal corporation, of which the relator is a taxpayer and a judgment creditor; that, on the day named, two petitions of resident electors were presented to the board of county commissioners of Polk county for the incorporation of certain territory therein described, which included the territory of the then village of Thief River Falls, as a city, under the provisions of Laws 1895, c. 8; that the petitions were in substance the same, except one proposed "Twin Falls," and the other "Thief River Falls," as the name of the proposed city; that, acting on the peti-

tions, the county board ordered an election submitting the question of incorporation and name to the electors; that the election was held, and ballots cast, which were forwarded to and canvassed by the county commissioners, who issued their certificate to the effect that the territory was incorporated as a city by the name of "Thief River Falls."

The petition and information also allege certain specific irregularities in the proceedings to incorporate the city, and, further, that an election was held for the city, and a mayor, aldermen and treasurer were elected, who assumed to qualify, and took possession of the books money and property of the village of Thief River Falls; that the individual respondents, respectively, are exercising the functions of the offices of mayor, aldermen and treasurer of the supposed city of Thief River Falls, which is not a legal municipal corporation.  Copies of the petition, order of the county commissioners, notice of election, and certificate of the result of the election and of the incorporation of the city of Thief River Falls are made a part of the information as exhibits.

The first claim made by the respondents in support of their demurrer is that the allegations of the petition and information do not show that the relator has such an interest in the subject-matter of the action as to entitle him to prosecute it.  It is unnecessary to pass upon this question, or the correctness of the procedure adopted in this case, for the order sustaining the demurrer must be affirmed on the broad ground that the petition and information do not state facts sufficient to constitute a cause of action in favor of any party, not even the state.

The sole question is whether the respondent the city of Thief River Falls was a legal municipal corporation at the commencement of this action, in June, 1898.  The record shows at least a bona fide attempt to organize the city of Thief River Falls under and pursuant to the first 21 sections of chapter 8, Laws 1895, and that prior to March 26, 1897, it was exercising the powers of a body corporate, and has ever since continued to exercise such powers.  It therefore falls within the express provisions of Laws 1897, c. 81, approved March 26, 1897, legalizing the incorporation of all cities of the state theretofore organized, or attempted to

76 M.—2

be organized, under the first 21 sections of Laws 1895, c. 8. If this statute is constitutional, the city of Thief River Falls was at the commencement of this action a de jure municipal corporation. This is admitted by the relator, but he insists that the statute is unconstitutional because it is in fact, although general in form, a special law, intended only to apply to the city of Thief River Falls. The act is a curative statute, and was intended to legalize the incorporation of a certain class of de facto municipal corporations. It applies to and operates uniformly upon all cities of the class designated in the statute, and the basis of classification adopted is clearly a valid one. It is therefore a general, and not a special, law, and is constitutional. State v. Cooley, 56 Minn. 540, 548, 58 N. W. 150; Flynn v. Little Falls E. & W. Co., 74 Minn. 180, 78 N. W. 106; Iowa v. Soper, 39 Iowa, 112.

It follows that the respondent city is a legal municipal corporation, and that the order sustaining the demurrer to the complaint must be, and it is, affirmed.