E. P. ALEXANDER v. CITY OF DULUTH and Others.

October 23, 1899.

Nos. 11,873—(204).

**Constitution—General Laws for Cities—Classification by Population.**

So much of section 36 of article 4 of the state constitution as relates to the classification of cities on the basis of population authorizes the legislature to classify, for the purpose of general legislation, cities on the basis of population, although such basis would not otherwise be germane to the purpose or subject-matter of the proposed law; but, other than this, the provisions of sections 33 and 34 of article 4, relating to special legislation, are not affected thereby.

**Same.**

While it is true, as a general rule, that classification with a view to the enactment of general laws cannot be based upon existing circumstances only or those of a limited duration, yet a distinctive class may be based upon existing conditions, when the purpose of the law is temporary only.

**Laws 1899, c. 50—Bonds for Floating Debt—Constitution.**

Laws 1899, c. 50, authorizing cities of a designated class to issue bonds to take up their floating indebtedness, construed, and *held* to be a general law, and constitutional, for the reason that its purposes are temporary and remedial only.

Action in the district court for St. Louis county by plaintiff, a resident and tax payer in defendant city, against the city of Duluth, and its mayor, comptroller, and clerk, and the president and members of its common council to enjoin the issue of bonds. From an order, Moer, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*L. C. Harris*, for appellant.

Population is not a proper basis of classification for an act of this

character. There is no necessary or natural relation between population of cities and the condition of their floating indebtedness. State v. City, 42 N. J. L. 486. If population be a proper basis, the act is nevertheless unconstitutional, because its provisions are limited to cities having the required population at a given time. The act must operate not only equally and uniformly on all members of the class at the time of enactment, but must operate on all members that will grow into the class. State v. Cooley, 56 Minn. 540, 551; State v. Mayor, 45 N. J. L. 297. The act is unconstitutional because it is limited to cities that proceed to act under it within six months, and also to cities having a floating indebtedness at the date of its passage. The act thus makes an arbitrary and unreasonable distinction between members of the same class. There may be subdivisions of classification under proper circumstances, but the distinctions must be based on substantial grounds and not on arbitrary reasons. Nichols v. Walter, 37 Minn. 264, 272.

*J. B. Richards,* attorney for city of Duluth, for respondent.

In view of the constitutional amendment (Laws 1899, p. vi.), the act is constitutional. Independently of the amendment, the special features of the act make it proper. State v. Sullivan, 72 Minn. 126. The act legislates for a whole class, and is merely limited in time of duration; that is, it is a temporary general law. People v. Wright, 70 Ill. 388; Potter's Dwarris, St. 74; 2 Bouvier, Law Dict. 573. A general law relating purely to existing conditions may be passed for temporary purposes only. Cobb v. Bord, 40 Minn. 479; State v. Cooley, 56 Minn. 540, 548; Flynn v. Little Falls E. & W. Co., 74 Minn. 180; State v. City of Thief River Falls, 76 Minn. 15; Iowa v. Soper, 39 Iowa, 112. See In Matter of New York, 70 N. Y. 327; In re Church, 92 N. Y. 1; People v. Square, 107 N. Y. 593; Ferguson v. Ross, 126 N. Y. 459; In re People, 146 N. Y. 357; Haskel v. City, 30 Iowa, 232. The act is not unconstitutional on the ground that no city can take advantage of it after six months. State v. Cooley, supra; Cobb v. Bord, supra.

START, C. J.

This is an action to enjoin the city of Duluth from issuing and

negotiating its bonds to the amount of $500,000 to take up its floating indebtedness. The plaintiff appealed from an order sustaining a general demurrer to his complaint.

The defendant claims that it is authorized to issue the bonds by Laws 1899, c. 50. Is this statute constitutional? This is the only question for our decision meriting special consideration, and the answer to it must be in the affirmative. The provisions of this statute may be summarized as follows:

Section 1. The common council of any city, at any time having a population of more than 50,000 according to the last state census, is authorized to issue and sell the bonds of any such city for the purpose of taking up and funding its floating indebtedness. Section 2 provides for the manner of issuing the bonds. Section 3. No city shall be permitted to issue bonds for funding any of its floating indebtedness except such as exists at the date of the approval of this act, nor shall any such city be entitled to avail itself of the provisions of this act unless it shall proceed to do so within six months from the date of such approval. Section 4. Any city, which has already reached the limit of its bonded or other indebtedness, which avails itself of the provisions of this act, shall thereafter have no power to create any obligation which shall bear interest, except such as may be in renewal of an obligation now existing, and no officer or officers of such city shall have power to draw any order on its treasury, or issue any evidence of indebtedness, other than a bond, unless there is then sufficient money in the treasury to the credit of the fund out of which it is payable to pay the same, together with all unpaid claims previously audited against the fund. Every order or evidence of indebtedness issued contrary to the provisions of this section shall be void in the hands of everybody. Section 5. This act shall be in force from and after its passage.

The plaintiff claims that this act is unconstitutional, because it is special legislation prohibited by sections 33 and 34 of article 4 of the state constitution. The specific objections which he urges against the validity of the act are: First, it adopts an improper basis of classification, namely, population; second, it is based upon

existing circumstances only, and is limited to the members of the class at the time of its enactment.

1. The plaintiff, in support of his first objection, urges that the attempted classification of cities on the basis of population is not germane to the subject-matter or purpose of the act, for the reason that there is no natural connection or relation between the number of people in a city and the propriety or necessity of funding its floating indebtedness.

The constitutional prohibition of special legislation on a particular subject does not deprive the legislature of the power to classify, it if the basis of classification is germane to the purpose of the law. Population may be a basis of such classification, if germane to the subject or purpose of the proposed law. The subject of classification on the basis of population has been an embarrassing one for the courts, for the reason that numerous and complex considerations enter into it, and in practice it is often difficult to determine whether there is any natural relation between the population of cities of a given class and the subject-matter of the law classifying them. This difficulty has been eliminated by the adoption of an amendment to the constitution,—section 36, art. 4 (Laws 1899, p. vi.),—the here material provisions of which are these:

"The legislature may provide general laws relating to affairs of cities, the application of which may be limited to cities of over fifty thousand inhabitants, or to cities of fifty and not less than twenty thousand inhabitants, or to cities of twenty and not less than ten thousand inhabitants, or to cities of ten thousand inhabitants or less, which shall apply equally to all such cities of either class."

It is manifest that the purpose of this amendment was not practically to repeal sections 33 and 34 of article 4 of the constitution, as to cities which might be classified pursuant to its provisions, but that its object was to enable the legislature to make population a basis of classification, although there might not be any natural relation between the subject-matter of the proposed law and the number of people in the classified cities. We accordingly hold that the amendment authorizes the legislature to classify, for the purpose of general legislation, cities on the basis of population therein specified, although such basis would not have previously been germane

to the purpose or subject-matter of the proposed law, but that otherwise the provisions of sections 33 and 34 of article 4 are not affected by the amendment. It follows that the plaintiff's first objection is answered by the constitution, and must be overruled.

2. The plaintiff, in support of his second general objection, that the act is based upon existing circumstances only, and is limited to the members of the class at the time of its enactment, urges that the provisions of the act are limited to cities having the required population at a given time,—the date of the last state census; also to cities having a floating indebtedness at the date of the passage of the act, which proceed to act upon such provisions within six months from such date. It must be conceded that such are the provisions of the act, and that it does not necessarily operate alike upon all cities having a population of more than 50,000 at the date of the passage of the act, nor upon cities which thereafter acquired such population.

The rule is well settled that classification with a view to the enactment of general laws must not be based upon existing circumstances only or those of limited duration, except where the object of the law is itself a temporary one. The exception to the rule is as firmly established as the rule itself, and a distinctive class may be based upon existing conditions, when the purposes of the law are temporary only. Cobb v. Bord, 40 Minn. 479, 42 N. W. 396; State v. Cooley, 56 Minn. 548, 58 N. W. 150; Flynn v. Little Falls E. & W. Co., 74 Minn. 180, 78 N. W. 106; State v. City of Thief River Falls, 76 Minn. 15, 78 N. W. 867; Iowa v. Soper, 39 Iowa, 112; 32 Am. Law Reg. 851. But not all existing conditions are a proper basis of classification, although the purpose sought be temporary. They must be of such a character as suggests a practical (not absolute) necessity or propriety of different legislation with respect to the subjects placed in different classes. Nichols v. Walter, 37 Minn. 272, 33 N. W. 800. The origin or cause, however, of the existing conditions, whether it be unforeseen disaster or official incompetency, goes not to the power of the legislature to make them the basis of classification, but to the propriety of doing so.

If we keep in mind these general principles while reading the act in question, our attention is at once challenged by the fact that it

77 M.—29

is a complete and independent law, and that the basis of classification is an existing condition,—that is, the present floating indebtedness of the cities of the state having a population of over 50,000, —and that its purposes are only temporary and remedial; and, further, that the act recognizes that the continuance of a floating debt of such cities in excess of their incomes is an evil which ought promptly to be remedied, but not repeated in the future. The purpose, then, of the legislature in enacting this law lies upon its face. The purpose was to enable such cities to fund their floating indebtedness, thereby reducing the interest, and relieving themselves of the embarrassment of a past-due floating indebtedness, which they were then unable to pay, but not to authorize or encourage a repetition of the folly of contracting debts with nothing to pay them.

To carry out this purpose, it was deemed wise by the legislature to require such cities to proceed to exercise the power conferred upon them to issue bonds to fund their floating indebtedness within six months after the power was conferred, and to prohibit the issue thereafter of any order or evidence of indebtedness of such cities unless the money with which to pay it was in the treasury. To have extended the provisions of the law to cities which might thereafter grow into the class would have been an implied invitation and an inducement to such cities to incur the very evil the law was intended to remedy and to prohibit as to the future. Hence there were good reasons why the provisions of the act should be limited to cities of the class that then had a floating indebtedness, and to those that proceeded to avail themselves thereof within six months after the passage of the act. It is clear that the purposes of the act in question are merely temporary and remedial, and that the existing conditions, which are made a basis of classification, are of such a character as fairly to suggest the propriety of different legislation as to the cities classified; and, further, that during the time of its existence its provisions apply to every city of the prescribed class which desires to avail itself of the provisions thereof. It is therefore a general, not a special, law, within the meaning of the constitution.

Order affirmed.

CANTY, J. (dissenting).

I cannot concur. The three cities in this state having each over 50,000 inhabitants are Duluth, St. Paul, and Minneapolis. Each of these cities is governed by a number of special laws, which, taken together, constitute its charter, and which were enacted by the legislature before the constitutional amendment adopted in 1892 prohibiting such special legislation. Each of these charters is radically different from the others. There is one limitation on the amount of bonded indebtedness of Duluth, another as to the amount of bonded indebtedness of Minneapolis, and no limitation at all as to the amount of the bonded indebtedness of St. Paul, except as to the amount which may be incurred for park purposes, which is not material here. Laws 1899, c. 50, purports on its face to include these three cities in one class, and I agree with the majority of the court that, under the constitutional amendment adopted at the last election, it is now proper to include all cities of over 50,000 inhabitants in one class, whether population is or is not a proper basis of classification as regards the particular subject of legislation. But in all other respects the classification must still be a proper one.

The subject of legislation in chapter 50 is limitation on the amount of bonded indebtedness in the cities of the class. The legislature must now treat all the members of the class alike. If St. Paul is to be permitted to go without any limitation as to the amount of her bonded indebtedness, the legislature cannot by any pretended general law change the limit as to Duluth or Minneapolis otherwise than by removing all limitations as to them also. This principle is laid down by the repeated decisions of this court and the courts of other states having such constitutional prohibitions against special legislation. But chapter 50 does not treat all the members of the class alike. It raises the limit of the amount of the bonded indebtedness, and fixes a new limit, as to Duluth, while it leaves the limit as to Minneapolis unchanged, and permits St. Paul to go without any limit at all. This is justified on the pretext of providing for temporary existing conditions, and it is held that the legislature was warranted in adopting the policy that they would cure the present evil, without encouraging the repetition of the evil in the future, and therefore had a right to make the law

apply only to existing, and not to future, floating indebtedness. My answer is that, under the constitution, if the legislature acts at all, it can adopt no policy in the matter except to repeal all limitations on bonded indebtedness as to the other members of the alleged class while St. Paul is permitted to go wholly without limitation. If, under these circumstances, it is unconstitutional to make a permanent change in the bond limit of Duluth alone, it is equally so to make a temporary change as to such limit.

A special law cannot be rendered general by making it still more special in some other respect. Limiting this law to present conditions does not in the least remove the objection I have referred to. In fact, it is, in my mind, a question whether limiting the law to present, existing conditions does not, of itself, make the law special. But I will not discuss that question now. There is no exigency or occasion for this act except the mere fact that there is a bond limit in the charter of Duluth, while there is none in the charter of another member of the alleged class. But the pretense of adopting all cities of over 50,000 inhabitants as a basis of classification in this act is a mere sham. If the act had not used words to conceal its thoughts, but had used plain, straightforward language, it would have named Duluth as the city to which it applied, and would have referred in no manner to any other city. It would simply have provided for raising the bond limit of Duluth by the amount of its present floating indebtedness, but to no greater extent. Whether this is a temporary or a permanent change in the bond limit of Duluth, it is a simple and clear case of special legislation, and comes directly within the principle of the case of State v. Ritt, 76 Minn. 531, 79 N. W. 535, decided but a few months ago.

It seems to me that chapter 50 is the most vicious piece of special legislation that has come before this court since the adoption of the constitutional amendment of 1892, and the decision of the majority throws the door wide open, not to reasonable special legislation, but to special and temporary patchwork, the most vicious of all special legislation. All the legislature has to do after this is to fail and refuse to pass general laws on any particular subject until there is a present crying necessity for legislative redress, and then seize on the present existing circumstances of such present neces-

sity as constituting a proper class for which to legislate and pass an act which applies only to the present case, and will not apply to future cases as they arise. I cannot see the constitution set aside and perverted in this manner without protesting.