JOHN M. HETLAND v. BOARD OF COUNTY COMMISSIONERS OF NORMAN COUNTY and Others.[1]

June 5, 1903.

Nos. 13,561—(195).

**Special Legislation—County Bonds.**

    Laws 1903, c. 133 (an act authorizing the board of county commissioners of certain counties to issue the bonds of the county for the construction of a courthouse), *held* special legislation, and unconstitutional and void. The classification therein adopted, by which the operation of the act is limited to such counties as had at the time of its passage expended at least $7,000 for courthouse purposes, is arbitrary and improper.

[1] Reported in 95 N. W. 305.

Appeal by plaintiff from an order of the district court for Norman county, Watts, J., sustaining a demurrer to the complaint. Reversed.

*Peter Sharpe,* for appellant.

*E. M. Niles* and *W. E. Rowe,* for respondents.

BROWN, J.

Action to restrain the board of county commissioners of Norman county from issuing the bonds of that county for the sum of $35,000 for the construction of a courthouse.

The sole question presented for our consideration is the constitutionality of an act of the recent legislature (Laws 1903, p. 191, c. 133), under the provisions of which it is proposed to issue the bonds. The complaint alleges facts bringing the county clearly within the provisions of the act, and we have to inquire only as to its validity.

Section 1 of the act embodies all that is necessary to be mentioned here, and is as follows:

"The board of county commissioners of the several counties of the state of Minnesota which have entered into a contract for building and constructing a court house, by which any obligation has been created prior to the passage of this act, and have expended at least $7,000 towards building a court house for the use of such county, are hereby authorized and empowered to issue at any time prior to the first day of September, 1903, the bonds of said counties for an amount not exceeding $35,000, with interest coupons attached, for the purpose of paying such obligation and indebtedness of said county, which bonds and the proceeds thereof shall be used for no other purpose than that of completing the building of such court house."

By another section the act is made applicable only to counties of one hundred thousand population or less.

The contention of appellant is that the act is special legislation, prohibited by sections 33 and 34 of article 4 of the state constitution, and unconstitutional, for two reasons: (1) It adopts an improper basis of classification, namely, the amount expended by the county commissioners of a county towards building a courthouse. (2) It is based upon existing circumstances only, and is limited to

counties where certain conditions exist at the time of its enactment.

The question of the validity of legislation of this character has been before the court so often that it is unnecessary at this time to do anything further than state the general rules this court has laid down for the determination of their sufficiency. They are clearly stated in State v. Ritt, 76 Minn. 531, 534, 79 N. W. 535, as follows:

"First, that the basis of classification cannot be arbitrary or illusive, but must be founded upon such a substantial distinction, having reference to the subject-matter of the legislation, between the objects or places embraced in the subject of the legislation and the objects or places excluded, as suggests the necessity or propriety of different legislation for the two in respect to the matter which is the subject of the legislation; second, that the act must include, and act uniformly upon, all of the class—that is, all whose conditions and wants render such legislation equally appropriate to them as a class." Also in Murray v. Board Co. Commrs. Ramsey Co., 81 Minn. 359, 84 N. W. 103; State v. Cooley, 56 Minn. 540, 58 N. W. 150; Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623.

That the act in question is unconstitutional seems to us beyond doubt. The classification adopted as the basis of the act is both illusive and arbitrary. It is unique, novel, and the first attempt the legislature has ever made to adopt as a basis for legislation the amount of money expended for a given public improvement. Indeed, the act makes three distinct classifications: (1) It is limited in its application to counties having a population of one hundred thousand or less; (2) to counties which have entered into a contract for the erection of a courthouse; (3) to counties that have expended at least $7,000 towards the erection of a courthouse; and all these apply only to such counties as had entered into the contract or expended the money prior to the passage of the act.

It is, no doubt, true that it is within the power of the legislature to authorize counties to issue bonds for the construction of public buildings without a submission of the question to the people; and

such authority might, perhaps, be limited to such counties as had, at the time of the passage of the act authorizing it, entered into contracts requiring the expenditure of money for that purpose. But it is far from clear that the legislature has the power to limit further the application of the law to counties which had previously paid out in that behalf a certain sum of money. Such a limitation would clearly be an arbitrary and unwarranted classification, and without the semblance of reason to support it. To approve it would open the door to all sorts of special legislation, general in form but special in fact, the only limitation to which would be the ingenuity of legislators in devising new classifications.

It is very probable that Norman county finds itself in an unfortunate predicament. It is undoubtedly the only county in the state which comes within the operation of the act, and it was in all probability so understood by the person drafting the law. But the act is so clearly in violation of the constitution that we have no alternative but to so declare it. The case of Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623, is not in point. In that case the legislature authorized all cities having a population of more than fifty thousand, with a floating indebtedness, to issue bonds to pay the same, and is wholly unlike the act under consideration in the case at bar.

Order reversed.