ALBERT KAISER v. JAMES E. CAMPBELL and Others.[1]

October 30, 1903.

Nos. 13,768—(212).

**Village Bonds—Statute.**

Laws 1903, p. 659 (c. 364), authorizing villages to issue bonds under certain circumstances, is not repugnant to sections 33 and 34, article 4, of the state Constitution.

Appeal by plaintiff from an order of the district court for Polk county, Watts, J., sustaining a general demurrer to the complaint. Affirmed.

B. S. Bennett, for appellant.
J. A. Hendricks, for respondents.

COLLINS, J.

This is an action brought by the plaintiff, a taxpayer in the village of Fosston, against the village and the individuals composing its council, to restrain and prohibit them from issuing and selling the bonds of

[1] Reported in 96 N. W. 916.

the village provided for by Laws 1903, p. 659 (c. 364), in the sum of $4,000. It stands conceded that all of the requirements of the act have been complied with, and that all preliminary proceedings have been regularly taken. The action is based wholly upon the claim that the act under which the defendants are proceeding is special legislation, and contrary to sections 33 and 34 of article 4 of the state Constitution. The defendants demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action, and from an order of the district court sustaining the demurrer plaintiff appeals.

This order will have to be affirmed, on the authority of Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623. The act in question provides

> "That any village in the state whose indebtedness at the time of the passage and approval of this act exceeds the sum of $3,-000, besides its bonded indebtedness, may issue its bonds for an amount as nearly as may be equal to the amount of such indebtedness," etc.

A mere reading of the act shows that it is a complete and independent law, and that the basis of classification adopted therein is an existing condition, namely, villages each with an indebtedness, at the time of its passage and approval, exceeding the sum of $3,000, exclusive of all bonded indebtedness, and that the purposes of the enactment are only temporary and remedial. As was said in the Alexander case, the purpose was to enable any municipality within the specified class to fund its floating indebtedness, thereby reducing the interest; also to relieve itself of the embarrassment of a pastdue debt which it is unable to pay. The office of this law was not to authorize or to encourage the practice of contracting debts with nothing to pay them, or a repetition of the offense. And again, the existing conditions made the basis of classification in this act are of such a character as fairly to suggest the propriety of different legislation as to the villages classified, and it applies to every village of its prescribed class which desires to avail itself of the provisions thereof. It is a general law, because it operates alike upon all of the inhabitants of all the villages, or other subjects of the class, included therein. That for the purposes of legislation it may be necessary, and that the legislature may make such a classification,

is undoubted. The distinction between this case and Hetland v. Board of Co. Commrs., 89 Minn. 492, 95 N. W. 305, is plainly apparent, for the act there considered is entirely different from that now before us.

Order affirmed.