FRED W. THOMAS, v. CITY OF ST. CLOUD and Others.[1]

November 13, 1903.

Nos. 13,778—(217).

**Act Unconstitutional.**

> Chapter 50, p. 62, Laws 1903, authorizing the issue of bonds for the repurchase of waterworks by cities of ten thousand inhabitants, or less, *held* unconstitutional, for the reason that it adopts an arbitrary basis of classification.

Action in the district court for Stearns county, by plaintiff a resident taxpayer, to restrain defendants, City of St. Cloud and its officers, from issuing and disposing of city bonds pursuant to the provisions of Laws 1903, c. 50. From an order, Searle, J., sustaining a general demurrer to the complaint, plaintiff appealed. Reversed.

*W. F. Donohue,* for appellant.

*Jas. R. Bennett, Jr.,* and *David T. Calhoun,* for respondents.

LEWIS, J.

This action was brought to test the constitutionality of Laws 1903, p. 62 (c. 50) the essential part of which reads:

> "Section 1. In addition to the rights and powers heretofore granted by law to the several cities of the state of Minnesota, which rights and powers shall not be abridged or affected by this act, there is hereby granted to all cities that are or may be hereafter organized within the state of Minnesota, having a population of ten thousand inhabitants, or less, according to the last officially promulgated state or United States census, and which having owned a system of waterworks and sold or disposed of the same, and having by contract or otherwise reserved the right to repurchase the same, the right and power to issue bonds for the purpose of purchasing or otherwise acquiring the same and extending and improving such water works, and such cities are hereby authorized and empowered to purchase, subject to the approval of the legal voters of such city, as is here-

[1] Reported in 97 N. W. 125.

inafter provided, any such waterworks system and plant and extend and improve the same."

This case is controlled by Hetland v. Board of Co. Commrs. of Norman Co., 89 Minn. 492, 95 N. W. 305, and State v. Justus, supra, page 474. The classification includes cities which have owned a system of waterworks, and sold or disposed thereof, and which have reserved the right, by contract or otherwise, to purchase the same. Such a basis of classification is purely arbitrary, and, conceding that cities of ten thousand population or less might be so situated as to require a general law upon the subject of purchasing waterworks, such law, to be constitutional, must act uniformly upon all of the class. The objection is not that this act may apply to the city of St. Cloud only, but that the basis of classification used is so narrow, restricted, and peculiar that the inference is unavoidable that it was not intended as a general law, but to meet the requirements of a special situation.

Order reversed.