STATE ex rel. LELA B. CORRISTON v. JOSHUA ROGERS.[1]

July 22, 1904.

Nos. 13,866—(130).

**Municipal Bonds—Armory.**

Chapter 83, p. 107, Laws 1903, authorizing cities having a population of fifty thousand or upwards to issue bonds for the construction of an armory, is not in violation of sections 33, 34, or 36 of article 4 of the constitution of Minnesota. The provision therein that "no bonds shall be issued under the provisions of this act by any city which heretofore has issued bonds to provide for the purchase of such site and the construction of such armory pursuant to the provisions of chapter thirty-three, general laws of the state of Minnesota for the year 1902," does not establish an arbitrary classification. A substantial distinction exists between cities of the class mentioned which have or have not issued such bonds.

Alternative writ of mandamus issued from the district court for Hennepin county on relation of Lela B. Corriston, commanding defendant as comptroller of the city of Minneapolis to join in the execution and delivery of certain "armory bonds" negotiated and sold by said city, or to show cause to the contrary. The case was tried before Harrison, J., who ordered the issue of a peremptory writ. From a judgment entered pursuant to the order, defendant appealed. Affirmed.

*Frank Healey,* for appellant.

*William P. Roberts,* for respondent.

[1] Reported in 100 N. W. 659.

DOUGLAS, J.

Mandamus to compel the city comptroller of the city of Minneapolis to issue certain bonds in behalf of said city under authority conferred by chapter 83, p. 107, Laws 1903. From the judgment of the court directing the issuance of a peremptory writ of mandamus the city comptroller appeals.

All necessary steps were taken to authorize the issuance of such bonds, and the sole question presented is the validity of chapter 83, p. 107, Laws 1903. Section 36 of article 4 of the constitution adopted in 1899 provides:

> The legislature may provide general laws relating to the affairs of cities, the application of which may be limited to cities of over fifty thousand inhabitants, or to cities of fifty and not less than twenty thousand inhabitants, or to cities of twenty and not less than ten thousand inhabitants, or to cities of ten thousand inhabitants, or less, which shall apply equally to all such cities of either class.

Chapter 83, p. 107, Laws 1903, authorizes the issuance by cities of bonds for the purpose of providing armories for the national guard. As a limitation upon the grant of power the legislature expressly provides therein that

> No bonds shall be issued under the provisions of this act by any city which heretofore has issued bonds to provide for the purchase of such site and the construction of such armory pursuant to the provisions of chapter thirty-three, general laws of the state of Minnesota for the year 1902.

A majority of the court are of the opinion this proviso does not establish an improper classification; that it is not class legislation, and therefore does not offend sections 33 and 34 of article 4 of the constitution. If cities of the fifty thousand population class have not issued bonds for the purpose indicated, they are by this act authorized to do so. If they have issued bonds, they are barred from increasing such issue. In our opinion, the classification is not arbitrary, and a substantial distinction exists between the cities of the class mentioned which have or have not issued such bonds. The test applied in Nichols

v. Walter, 37 Minn. 264, 33 N. W. 800, has always been adopted and followed in this court. The rule is stated as follows: "The true practical limitation of the legislative power to classify is that the classification shall be upon some apparent natural reason—some reason suggested by necessity, by such a difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity or propriety of different legislation with respect to them." State v. Spaude, 37 Minn. 322, 34 N. W. 164; Cobb v. Bord, 40 Minn. 479, 42 N. W. 396; State v. Cooley, 56 Minn. 540, 58 N. W. 150; Alexander v. City of Duluth, 57 Minn. 47, 58 N. W. 866; State v. Ritt, 76 Minn. 531, 79 N. W. 535; Beck v. City of St. Paul, 87 Minn. 381, 92 N. W. 328; Hetland v. Board of Co. Commrs. of Norman Co., 89 Minn. 492, 95 N. W. 305; Thomas v. City of St. Cloud, 90 Minn. 477, 97 N. W. 125.

While subscribing to the rule adopted in Nichols v. Walter, supra, which, as we have seen, has repeatedly been affirmed, speaking personally, I cannot agree with the majority that the classification adopted by the legislature in the act under consideration is based upon an "apparent natural reason," or that there exists, to follow the reasoning therein adopted, "such a difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity or propriety of different legislation with respect to them." Again, section 36 of article 4 of the constitution, above quoted, expressly provides that the legislature may adopt general laws relating to the affairs of cities of designated classes, which shall apply equally to all cities of either class. The act under consideration, in my judgment, offends this clause. Cities which, prior to this enactment, had issued bonds in ever so small an amount, would be barred from issuing them thereafter. A case can be readily supposed in which one of the cities of the state having a population exceeding fifty thousand inhabitants had issued an insufficient amount of bonds, and had not erected an armory, or used the amount of money borrowed for this purpose, even in the construction of a foundation. If the act is valid, such cities are barred from issuing bonds for the purpose indicated. Can it, therefore, be said that the act applies equally to all such cities? The act clearly ignores the fact that other cities of the class may not have sufficiently provided themselves with funds to meet the exigencies of the case.

This court, before the adoption of section 36 of article 4 of the constitution, in State v. Cooley, supra, said: "A law is general which operates alike upon all the inhabitants, or all the cities, or all the villages or other subjects of a class of such subjects. * * * A law is general in the constitutional sense which applies to and operates uniformly upon all members of any class of persons, places, or things requiring legislation peculiar to itself in matters covered by the law; while a special law is one which relates and applies to particular members of a class, either particularized by the express terms of the act or separated by any method of selection from the whole class to which the law might, but for such limitation, be applicable. * * * Another rule is that, to whatever class a law applies, it must apply to every member of that class. As was said in Johnson v. St. Paul & D. R. Co., 43 Minn. 222, 45 N. W. 156, not only must the law treat alike, under same conditions, all who are brought within its influence, but in its classification it must bring within its influence all who are under the same conditions."

In Alexander v. City of Duluth, supra, the following language is used: "Our view is that under this constitutional amendment any legislation touching any branch of city government must reduce all cities, or all cities of the same class, to uniformity in respect to the particular with which the legislation deals, and that this uniformity in the exercise of a granted power must be produced as to the mode as well as to the causes of its exercise." In State v. Ritt, supra, Justice MITCHELL, speaking for the court said: "The act must include and act uniformly upon all of the class; that is, all whose conditions and wants render such legislation equally appropriate to them as a class." In Hetland v. Board of Co. Commrs. of Norman Co., supra, this court declared an act unconstitutional which authorized the board of county commissioners of certain counties to issue bonds for the construction of a courthouse. The classification there adopted limited the operation of the act to such counties as had at the time of its passage expended at least seven thousand dollars for courthouse purposes.

I see no distinction in principle between a class of counties which have previously expended a certain sum of money in building a courthouse and a class of cities which have not issued bonds for the purpose of building an armory. The act under consideration authorizes cities of the designated class which have not issued such bonds to do so.

It necessarily excludes cities which have issued such bonds, without regard to the question of the amount so issued, or whether the money has been used in building or is sufficient to construct an armory. In Thomas v. City of St. Cloud, supra, this court had under consideration an act which authorized certain cities to purchase a waterworks system, provided they had theretofore owned such a system, and sold or disposed of the same by contract under the terms of which they reserved the right to repurchase. Such a basis of classification was held to be illusory and arbitrary. Applying the rule as I understand it, which was adopted in the cases cited, and now again reaffirmed, I cannot agree with the majority of the court in holding that a natural or substantial basis exists for the classification, or that it applies uniformly to the class of cities segregated.

It follows, however, that the judgment appealed from is affirmed.

Judgment affirmed.