STATE ex rel. EDWARD T. YOUNG v. F. L. HENDERSON and Others.[1]

February 23, 1906.

Nos. 14,669—(231).

**Classification of Cities.**

Chapter 289, p. 459, Laws 1903, construed, and *held* not repugnant to sections 33 and 34, article 4, of the constitution, prohibiting special legislation.

Writ of quo warranto issued from the supreme court on relation of the attorney general, to determine the right of respondents to act as the officers of the school district of South St. Paul. Writ discharged.

*Edward T. Young,* Attorney General, and *George T. Simpson,* Assistant Attorney General, for relator.

*Albert Schaller* and *P. H. O'Keefe,* for respondents.

BROWN, J.

Quo warranto to determine the right of respondents to act as officers of and manage the affairs of the school district of South St. Paul. The facts are as follows: The city of South St. Paul was incorporated by chapter 1, p. 1, Sp. Laws 1887. Its charter provided, among other things, that the city should constitute one school district, the affairs of which were committed to the control and management of the city council. The charter was amended by chapter 67, p. 684, Sp. Laws 1889, by authorizing the council to appoint a board of education and transferring the school affairs to that body. It was again amended by chapter 58, p. 674, Sp. Laws 1891, by repealing the act authorizing the city council to appoint the board of education and restoring the authority of the city council, and again casting upon that body the duty of managing the schools. In 1903 the legislature enacted chapter 289, p. 459, of the laws of that year, which provides, among other things, that

> In any city in this state containing ten thousand inhabitants
> or less, in which the city council or common council performs

[1]Reported in 106 N. W. 348.

97 M.—24

> the duties of a board of education, the said council may be relieved of said duties, and a board of school inspectors may be elected, and when such election is had, all the powers and duties resting upon the said city council in relation to the public schools of such city shall vest in and be performed by said inspectors, who shall be known as "the board of education" of such city.

That act also provides conditions upon which an election to change the system of school management may be had and the manner of conducting the same.

Subsequent to the passage of that act, and in pursuance to its provisions, an election was duly had in the city of South St. Paul upon the question whether a change in the school system should be had, and the respondents were duly elected officers of the district and a change was thus effected. Respondents thereafter duly qualified and entered upon the discharge of their duties and are now exercising the functions of their office. These proceedings challenge the validity of their election and their right to hold and exercise the duties of a board of education for said city, and the questions thus raised involve the constitutionality of chapter 289, under which respondents were elected and are now acting.

It is contended on the part of the state that the act is violative of the provisions of sections 33 and 34 of article 4 of the state constitution, prohibiting special legislation, and is null and void. It is insisted that an improper classification is made the basis of the act; that the classification adopted is illusive, arbitrary, and founded upon no substantial distinction, taking into consideration its subject-matter; that it is based upon existing conditions only, and is an attempt on the part of the legislature to regulate the internal affairs of a single school district. We find no difficulty in sustaining the act as against the objections just referred to. The act purports on its face to apply to all cities of the state having a population of ten thousand inhabitants or less in which the common council performs the duties of the board of education. It applies to all cities coming within that class and is in no proper sense illusive or arbitrary. The constitution expressly provides for the classification of cities for the purpose of legislation by population, one class being cities of ten thousand inhabitants or less.

The act applies to all cities coming within its scope, and whether there be one or more of that class in which the common council performs the duties of the board of education we need not stop to inquire. The fact remains that the act purports on its face to apply to all coming within its terms and is not violative of the constitution. Similar legislation respecting the cities of St. Paul, Minneapolis, and Duluth has been sustained, when it was apparent that the particular legislation could only apply to one of those cities; but in each instance the legislation was general and brought within its operation all cities of the particular class.

The rule laid down in Hetland v. Board of Co. Commrs. of Norman County, 89 Minn. 492, 95 N. W. 305, is not in point. The act under consideration in that case had reference to counties, in respect to which the constitution does not authorize a classification by population, and the classification of that act was palpably arbitrary; the application thereof being limited to counties which had incurred an indebtedness of $7,000.

It is also contended that the classification adopted is based upon existing conditions only, and does not operate uniformly upon the entire class, in that it takes effect in such cities only as elect to come under its provisions. While there is some force to this contention, we do not concur therein. The purpose of the statute was to provide the necessary machinery whereby all schools in cities of ten thousand population or less might be reorganized and the management of their affairs transferred from the city council to an independent board of trustees elected by the people. It operates uniformly upon the entire class, as it is simply an enabling act whereby all coming within its provisions may avail themselves of its advantages. It is not unlike an enabling act authorizing all cities of the state of a given class to vote bonds for public purposes, or the local option law, under which the people may determine by vote whether intoxicating liquor may be sold in a particular town. Such laws have been sustained, and there can be no substantial difference between them and a reasonable view of the legislation under consideration.

Whether the law shall take effect as to all cities of the class designated does not depend, as counsel urged, upon the action of the voters of the city. The act went into force and effect immediately

upon its passage, and could be resorted to at any time thereafter by any city coming within its provisions. It is, therefore, not obnoxious to the constitution because based upon existing conditions. The act in this respect comes within the rule laid down in Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623. Its purpose was to remedy an existing evil, to transfer the control of the public schools in cities where managed by the municipal authorities to an independent board, thus removing the educational interests from political manipulation. Its purpose was temporary, and, within the rule of the case just referred to, valid.

The case of State v. Copeland, 66 Minn. 315, 69 N. W. 27, 34 L. R. A. 777, 61 Am. St. Rep. 410, is clearly distinguishable, for in that case the act there under consideration expressly provided that it

> Shall be enforced in any city whenever the common council * * * shall adopt the same by a majority vote of all the members.

In other words, whether the act should be in force in any particular city at all depended upon its adoption or re-enactment by the common council. The act under consideration, as already observed, went into full force and effect upon its passage, and did not depend upon any vote being taken by the common council or people.

It follows that the act is not unconstitutional, and that respondents are the duly qualified and authorized officers of the school district of the city of South St. Paul, and the writ herein issued is discharged. It is so ordered.

Writ discharged.