GEORGE N. FARWELL v. CITY OF MINNEAPOLIS and Others.[1]

July 24, 1908.

Nos. 15,787—(245).

**Act Constitutional.**

Chapter 52, Laws 1907, providing for the issuance of bonds by cities having a population of fifty thousand or more, *held* not unconstitutional as special legislation. Alexander v. City of Duluth, 77 Minn. 445, followed and applied.

**Amendments of a Local Law.**

The provisions of section 33, art. 4, of the constitution, prohibiting the amendment, extension, or modification of a local or special law, applies only to amendments, extensions, or modifications by special act.

Action in the district court for Hennepin county to enjoin the city of Minneapolis and its officers from issuing and disposing of certain sewer bonds aggregating $250,000. From an order, Brooks, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*T. H. Salmon,* for appellant.

*Frank Healy, A. C. Finney,* and *Clyde R. White,* for respondents.

BROWN, J.

Action to enjoin the city of Minneapolis and its officers from issuing and disposing of municipal bonds in the sum of $250,000, proposed to be issued under the authority conferred by chapter 52, p. 61, Laws 1907. A general demurrer to plaintiff's complaint was sustained, and plaintiff appealed.

The complaint fully sets out facts entitling plaintiff to the relief demanded and is sufficient in all respects, if the foundation of the action, namely, the alleged unconstitutionality of the act of the legislature referred to, be sound. So we have only to consider the alleged invalidity of that statute. It is contended by appellant that the statute violates the constitution prohibiting special legislation and is therefore null and void.

[1] Reported in 117 N. W. 422.

The whole question is determined by the construction to be given section 1 of the act, which is as follows: "Any city in this state now or hereafter having a population of more than fifty thousand inhabitants, in addition to all the powers now possessed by such city, is hereby authorized and empowered, acting by and through the common council or city council of such city, by ordinance or resolution, by ordinance duly enacted by an affirmative vote of not less than two-thirds of all members elect of such common council, or city council, to issue and sell not exceeding five hundred thousand dollars ($500,-000) par value in and of the bonds of such city for the purpose of aiding in defraying the expense of constructing main sewers in such city. Provided, no such bonds shall be issued or sold unless the ordinance or ordinances authorizing their issuance and sale shall have been duly passed and enacted by the common council prior to the first day of January, 1909."

In our view of the subject, the statute comes within the decision in Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623, and State v. Ames, 87 Minn. 23, 91 N. W. 18. In the Alexander case the application of the statute was limited to cities of fifty thousand population or more. It provided for the issuance of bonds to fund floating municipal indebtedness, and that no city should be entitled to avail itself of the benefits of the act unless it proceeded thereunder within six months from the date of its approval. The statute was held constitutional. The act under consideration is substantially similar to the one there sustained. Its application is limited to cities of fifty thousand population and more. It provides for issuing bonds to construct sewers, and also that cities desiring to proceed under it must do so before January 1, 1909. The two statutes are in point of substance the same and cannot be distinguished. We therefore follow and apply the cases referred to, and sustain the action of the court below.

The additional point that the act in question is an attempt on the part of the legislature to extend and modify the charters of cities coming within the class specified is not well taken. The provision of section 33, article 4, of the constitution, to the effect that the legislature may repeal any existing local or special law, "but shall not amend, extend or modify any of the same," properly construed, ap-

plies only to an attempt by special act to amend, extend, or modify another special act. The act under consideration in this case is general, and does not come within the purpose of the constitution.

Affirmed.