# THOMAS GOULD v. CITY OF ST. PAUL.[1]

March 11, 1910.

Nos. 16,448—(211).

**Act Constitutional — City Assessments and General Taxes — Lien of Equal Rank.**

Plaintiff initiated proceedings to register title to certain lands, his ownership of which was based upon forfeited tax deeds pursuant to a sale in 1907. The defendant city of St. Paul held certain local assessment certificates, the lien of which attached prior to sale to plaintiff. Chapter 200, Laws 1905, provided that all assessments levied by any city containing a population of over 50,000 should be a paramount lien of equal rank with the lien of the state for taxes, and that a sale or perfecting title under either should not pay or extinguish the other. It is *held:*

1. The law does not contain contradictory propositions. The legislature thereby intended to make the lien under city assessments and state taxes equal, and to abolish any priority between them, and sufficiently expressed that intention.

2. The act is constitutional, so far as its title and classification of cities by population are concerned.

3. The applicant owned the premises subject to lien of city assessments.

Application to the district court for Ramsey county to register title to a certain vacant city lot. The examiner of titles made his report, setting forth the outstanding assessment certificates of sale owned by the city of St. Paul and suggesting that the city be made one of the parties defendant. The city answered and set out the several judgments and sales which it claimed gave it liens upon the lot, and prayed that they be adjudged to be paramount liens. The matter was tried before Olin B. Lewis, J., who made findings to the effect that the applicant was the owner of the premises, and that defendant city had a lien on the premises for the sum of $245.97 upon

[1]Reported in 125 N. W. 273.

[Note]  Priority of claims for taxes against assets of debtor, see note to Bibbins v. Clark (Iowa) 29 L.R.A. 278.

a certain city assessment certificate. From an order denying applicant's motion for a new trial, he appealed. Affirmed.

*William G. White,* for appellant.

*J. C. Michael* and *Louis R. Frankel,* for respondent.

JAGGARD, J.

Plaintiff and appellant initiated proceedings to register title to certain lands. His title was based upon a forfeited tax deed issued at a tax sale held in November, 1907. The validity of the proceedings had been established by a district court judgment in an action instituted by the applicant for that purpose. The defendant and respondent, the city of St. Paul, held certain local assessment certificates claimed to be liens on the property. The sale pursuant to which applicant received his deed was later in point of time than any liens claimed by the city. The trial court found that the applicant was the owner of the premises, subject to the lien of a city assessment certificate issued in accordance with sale made (on July 28, 1906), and that said lien was of equal rank with the tax lien under which the applicant acquired title. This appeal was taken from the refusal of the trial court to grant a new trial.

Prior to 1905 the lien of a St. Paul city assessment was subordinate to the lien of the state for taxes levied on the same property under the general laws, without reference to the time when the lien accrued. White v. Knowlton, 84 Minn. 141, 86 N. W. 755; White v. Thomas, 91 Minn. 395, 98 N. W. 101. Chapter 200, Laws 1905[1] provided: "That all assessments upon real property for local improvements made or levied by the proper authorities of any city in the state of Minnesota now or hereafter containing a population of over 50,000, according to the last national or state census, shall be a paramount lien upon the land upon which they are imposed from the date of the warrant issued for the collection thereof, and of equal rank with the lien of the state for taxes which have been or may be levied upon said property under the general laws of the state; and that the general rules of law as to priority of tax liens shall apply

[1] R. L. Supp. 1909, § 975—1.

equally to the liens of such assessments and to such liens for general taxes, with the same force and effect as though all of the liens aforesaid and all of the taxes and assessments aforesaid were of the same general character and imposed for the same purpose and by the same authority, without regard to the priority in point of time of the attaching of either of said liens, and a sale or perfecting title under either shall not bar or extinguish the other.

1. The applicant insists that: "If chapter 200 is valid, it is plainly in derogation of the sovereignty of the state, and will not be upheld, unless the intent of the legislature is too clear to admit of doubt or argument. This chapter contains two contradictory provisions, and therefore it cannot be said to clearly and plainly appear therein that the legislature intended to waive the paramount lien of the state upon forfeited tax lands for the benefit of the city of St. Paul." The earlier part of the statute provides that the general rules of law as to priority of tax liens shall apply equally to liens for assessments and to the liens for general taxes. The later part of the statute provides that "a sale or perfecting title under either shall not bar or extinguish the other."

This construction we think is not sound. The statute gives to both assessment and general taxes a paramount lien of equal rank. It was entirely consistent to provide that neither lien should have priority over the other, and that a foreclosure of either should not extinguish the other. The purpose of the statute was to meet the exigencies due to a peculiar city charter.

The cities of this state are divided into two classes with respect to the enforcement of local assessment liens. In the one class, as in Minneapolis and in Duluth under its present charter, the charge for local assessments is added to the state tax entered on general tax lists and collected by the regular county officers. A judgment, if any, is entered for the aggregate amount of taxes and assessments. In the other class, as in the city of St. Paul and in some smaller cities, the local assessment is a separate charge, with a separate lien enforced by appropriate city officers. In consequence the question as to priority of lien as between state taxes and local assessments

did not arise in the first-class cities, but did arise in the second-class cities.

The subordination of the local assessments to state taxes recognized by the decisions (White v. Knowlton and White v. Thomas, supra) has proved to be a material disadvantage. It was utilized, deliberately or otherwise, to eliminate the city charges by the acquisition of a state tax title. By the payment of the state tax the landowner was often enabled to enjoy the city improvement without paying for it. The avowed purpose of chapter 200, Laws 1905, was to remedy this evil, to put cities to which the act applied on a parity with other cities, in which there was but one system and but one set of officers for enforcement of both assessments and taxation. From this point of view, the act was not inconsistent.

2. This law, "when construed as a part of the general system for the sale of forfeited lands, and in connection with other laws upon the same subject," was intended, we think, "to abrogate the usual rules as to the priority of tax liens [and not] to continue them in force." The elaborate and ingenious argument to the contrary has been considered; but we are compelled to conclude that the intention of the legislature to change the law, in view of the decisions previously referred to, was plain and consistent.

3. There is more force to the argument of the applicant that the laws under which the forfeited sale was made provided that the purchaser should acquire complete title in fee simple to the lands. Under the charter of the city of St. Paul it is provided: "All deeds made to purchasers of lots and parcels of land, sold for assessments * * * shall in all cases be prima facie evidence * * * of title in the grantee therein." Section 280, p. 68, Charter of St. Paul.

It is earnestly pressed upon our consideration that it is impossible for two persons at one and the same time to be invested with a fee to the exclusion of each other. This, however, is not the necessary or natural result of giving to the law the effect we have attributed to it.

The forfeited sale is made pursuant to one week's published notice of the day or days upon which the auditor will offer the lands for

sale. A deed is executed by the state sixty days after the service of notice of redemption and filing the proof of such service. Sections 936–938, R. L. 1905. The purchaser at a local assessment sale acquires title five years after the date of sale. The notice of redemption is given before the end of that period. It must happen in the great majority of cases that there will not be outstanding absolute title in two persons at the same time. Certainly the case at bar is not such a case. If the court were presented with such a case, we must presume that it would then be able to equitably dispose of the controversy, as by construing the law to have provided a sort of statutory co-tenancy wherein the interests were proportionate to the amount the parties respectively paid. In the ordinary case, however, the title which matured first would be subject to the lien of the demand on which title had not accrued. Thus both the state and the city would be protected, and the holder of the land would be compelled to pay both the state and the city charge, as in all cities having a population of over 50,000. If any other construction were adopted, great practical injustice would obviously result.

4. The title of chapter 200 was "An act regulating the rank and priority of liens for general taxes and assessments for local improvements in cities of more than 50,000 inhabitants." This language is an adequate and appropriate description of the subject-matter of the act. The law purports to be an act relating to the affairs of cities of certain classes within the purview of section 36, art. 4, of the constitution.

Whether it is special legislation, within the meaning of section 33, art. 4, is another question. It is urged: In effect it applies only to the city of St. Paul. Hence the law is invalid, because the legislature is denied power to grant "to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." Section 33, art. 4, Const. A privilege is thereby conferred on St. Paul in regard to enforcing its local assessments different from and superior to all of the cities of the same class. Its complete answer to this insistence is that the propriety of such legislation is within the power of the legislature to determine. The constitution expressly authorizes classification by population alone, where

the subject-matter of the statute concerns the cities of the class designated therein. Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623; State v. Ames, 87 Minn. 23, 91 N. W. 18; Le Tourneau v. Hugo, 90 Minn. 420, 97 N. W. 115; Kaiser v. Campbell, 90 Minn. 375, 96 N. W. 916; State v. Henderson, 97 Minn. 369, 106 N. W. 348; Farwell v. City of Minneapolis, 105 Minn. 178, 117 N. W. 422.

The conclusion that the trial court was correct necessarily follows. Affirmed.