THORPE BROS. INC. v. COUNTY OF ITASCA AND OTHERS.[1]

May 13, 1927.

No. 26,277.

**Remedial act of 1927 authorizing funding of road and bridge debts in certain counties constitutional.**

1. The statute, L. 1927, c. 147, providing for the funding by certain counties of the road and bridge indebtedness and the issuance of bonds, is not unconstitutional under Const. art. 4, §§ 33-34, because designating a present class into which others thereafter similarly situated may not enter. The statute is remedial in character and intended to provide temporary relief for an unusual condition.

[1]Reported in 213 N. W. 914.

Act not invalid because based in part on area and assessed valuation of the counties.

2. The statute is not unconstitutional as based upon an arbitrary and fanciful difference because based in part upon the area and assessed valuation of the counties to which it applies.

Act not invalid because it validates outstanding warrants on road and bridge fund.

3. The statute is not unconstitutional because it validates outstanding warrants on the road and bridge fund which are to be included in refunding bonds.

Act not invalid because initiatory resolution must be passed within 90 days.

4. The statute is not unconstitutional because it provides that the counties refunding shall pass the initiatory resolution within 90 days after the passage of the act. The statute confers the power to refund and issue bonds, and conditions its exercise upon the passage of the resolution within the prescribed time.

Bonds issued pursuant to act will be valid obligations.

5. The statute is constitutional, and bonds issued in pursuance of it will be valid obligations of the county.

Counties, 15 C. J. p. 613 n. 72.
Statutes, 36 Cyc. p. 1003 n. 30; p. 1006 n. 35; p. 1007 n. 36.
See note in 5 L. R. A. (N. S.) 327; 22 L. R. A. (N. S.) 534; 25 A. L. R. 1143; 25 R. C. L. 823; 6 R. C. L. Supp. 1486.

Plaintiff appealed from an order of the district court for Itasca county, Stanton, J., sustaining defendants' demurrer to the complaint. Affirmed.

*Elmer L. Williams*, for appellant.
*Alfred L. Thwing* and *W. B. Taylor*, for respondents.

DIBELL, J.

Action to enjoin the defendant Itasca county and its officers from issuing bonds. The defendants demurred to the complaint. The demurrer was sustained and the plaintiff appeals.

It is proposed to issue $500,000 in bonds pursuant to the provisions of L. 1927, p. 222, c. 147, of which the title is:

"An act relating to indebtedness and expenditures of certain counties for road and bridge purposes; authorizing the funding and payment of outstanding indebtedness for such purposes, and validating certain warrants so to be funded, and limiting and controlling future expenditures for such purposes and prescribing penalties for violation of its provisions."

Section 1 reads:

"When any county in this state having an area of more than 2,500 square miles and an assessed valuation for purposes of tax levy extensions of less than $30,000,000, exclusive of moneys and credits, now has outstanding indebtedness incurred prior to January 1, 1927, represented by warrants issued against its road and bridge fund, which warrants, together with amounts transferred into its road and bridge fund from any other fund or funds, pursuant to chapter 318, Laws of 1925, and not repaid to such other fund, amount to a sum greater than the sum of the cash in its road and bridge fund on January 1, 1927, plus the amount of taxes which have been levied in such county payable during the year 1927 for road and bridge purposes, such outstanding indebtedness, including the amount owed from the road and bridge fund to such other fund or funds, may be funded or otherwise paid, in the manner in this act provided; and in the event of the funding provisions of this act being resorted to, each and all of the conditions, provisions and limitations of this act shall apply and shall be controlling over those of any other act inconsistent therewith."

Following sections provide that the bonds shall be paid in annual instalments running not more than nine years; that the county board, if it issues the bonds, shall pass a resolution within 90 days after the approval of the act determining that they shall be issued; that before they are issued the board shall levy for each year a direct annual tax in an amount not less than ten per cent in excess of the amount required to pay principal and interest as they become due; that the amount included in the levy for road and bridge purposes shall not exceed ten mills on the dollar of taxable value (see

G. S. 1923, § 2565, subd. 5) less the amount required to be levied to pay principal and interest on the bond issue; and that outstanding warrants issued for the construction of highways, and included in the funding, be validated.

There are other provisions which need not be detailed calculated to insure the security and safety of the bonds and to confine the county board to prudent financing while the bonds are in process of retirement.

1. The plaintiff claims that the statute is prohibited special legislation under Const. art. 4, §§ 33-34.

One claim is that the statute is unconstitutional because it is limited to certain counties existing at the time and does not permit other counties thereafter having like conditions to come into the class. The plaintiff invokes the familiar rule stated in Marwin v. Board of Aud. Commrs. 140 Minn. 346, 168 N. W. 17, and cases cited, and Consolidated School Dist. No. 30 v. Christison, 167 Minn. 45, 208 N. W. 409, and cases cited. That the class is so limited is not questioned.

The general rule is settled that a classification is bad which does not permit others later having like qualifications to enter. It is just as well settled that a valid classification may be based upon existing circumstances and limited to members of a class existing at the time of its enactment when the purpose is remedial and to meet a temporary situation. Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623, involving the issuance of bonds to fund a floating indebtedness, is illustrative. There Chief Justice Start said:

"The rule is well settled that classification with a view to the enactment of general laws must not be based upon existing circumstances only or those of limited duration, except where the object of the law is itself a temporary one. The exception to the rule is as firmly established as the rule itself, and a distinctive class may be. based upon existing conditions, when the purposes of the law are temporary only. * * * But not all existing conditions are a proper basis of classification, although the purpose sought be temporary. They must be of such a character as suggests a practical (not

absolute) necessity or propriety of different legislation with respect to the subjects placed in different classes. * * * The origin or cause, however, of the existing conditions, whether it be unforeseen disaster or official incompetency, goes not to the power of the legislature to make them the basis of classification, but to the propriety of doing so."

Other cases illustrative of the principle are: State ex rel. M. L. & T. Co. v. Ames, 87 Minn. 23, 91 N. W. 18; Kaiser v. Campbell, 90 Minn. 375, 96 N. W. 916; State ex rel. Skyllingstad v. Gunn, 92 Minn. 436, 100 N. W. 97.

The legislature had in view instances where a county board through bad financing had involved the county in a situation such as is recited in § 1 of the statute. Relief was needed and properly might be afforded. It did not wish to encourage a continuance of bad financing. It did not intend that other counties might follow the practice adopted by those for which it provided and have the same relief. It did not intend to condone bad financing in the future. It adopted what seemed a safe policy whereby counties in the bad financial condition as respects their road and bridge fund recited in § 1 might refinance their obligations and safely work out of their plight. The statute is remedial. The legislature saw the plight in which certain counties were and while affording relief did not intend relief to other counties thereafter putting themselves in a like plight.

2. It is urged that there is no natural or actual relation between area and assessed valuation and that a classification based thereon is arbitrary and fanciful. If these two factors in the classification were omitted the application of the act would be extended and perhaps no constitutional question would be made; at least, if the only conditions were such as are based on a present financial situation in respect of the road and bridge fund, and other conditions enumerated in § 1, the claim of improper classification could not be urged so forcefully. In determining the constitutional validity the area and valuation factors cannot be overlooked.

When considering the funding of the road and bridge indebtedness we think area and assessed valuation appropriate elements of classification. A county with an assessed valuation of less or more than 30 millions has ability to meet its road and bridge requirements in some proportion as its valuation may be to its area. A ten-mill levy on an assessed valuation of $30,000,000 may be ample for a small area and inadequate for a larger one. A county of such valuation and of a large area may need, as the legislature determined, relief from the financial straits, such as the statute recites, into which it has brought itself, while if the area is less it can work out its financial problem as other counties do; and just so a county of the large area, with a larger valuation, may work out its problem without legislative aid. The precise line of division of area and valuation may be in a sense arbitrary for a definite line must be drawn somewhere. It is enough if the basis is reasonable and practicable. The area and valuation basis, adopted by the legislature after investigation of conditions, taken with the other elements of the classification, is not arbitrary or fanciful. State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457; State v. Delaware Iron Co. 160 Minn. 382, 200 N. W. 475.

3. The provision for the validation of the outstanding road and bridge warrants is not unconstitutional. See State ex rel Skyllingstad v. Gunn, 92 Minn. 436, 100 N. W. 97; State ex rel Bd. of Ed. v. Brown, 97 Minn. 402, 106 N. W. 477, 5 L. R. A. (N. S.) 327; 25 A. L. R. 1143 It is easy to see that under G. S. 1923, § 2070, there might be a question of the validity of some of the outstanding warrants and that an investigation would be attended with difficulty and the result be uncertain. It was within the province of the legislature in providing for a refunding and for a comprehensive method of conducting road operations in the future to validate the outstanding warrants representing value put into the roads.

4. The statute is not unconstitutional because it makes its going into effect optional with a county in that if it refunds and issues bonds the initiatory proceedings must be commenced within 90 days. The statute gives the county power. If it exercises the power it

must do so within the stated time. See State ex rel. Young v. Henderson, 97 Minn. 369, 106 N. W. 348. It is not like a statute permitting its provisions to be operative or not in a home rule city as by ordinance the council determines. Lodoen v. City of Warren, 146 Minn. 181, 178 N. W. 741; State ex rel. Childs v. Copeland, 66 Minn. 315, 69 N. W. 27, 34 L. R. A. 777, 61 Am. St. 410. Many instances not substantially dissimilar are noted in Dun. Dig. & Supp. § 8903, and cases cited.

5. Other questions which we do not stop to consider are argued by counsel of both parties. The statute is constitutional. Bonds issued in pursuance of it will be valid obligations of the county. Nothing else need be decided.

Order affirmed.