## STATE EX REL. O. P. FLATEN AND OTHERS v. INDEPENDENT SCHOOL DISTRICT OF GRANITE FALLS AND OTHERS.[1]

### October 10, 1919.

### No. 21,436.

**Consolidation of schools — act not special legislation.**

1. Chapter 453, Laws of 1917, relating to the consolidation of schools in any incorporated village or city of the fourth class, which contains two or more school districts, situated wholly or in part within its limits, when only one of such districts maintains a high school, is not unconstitutional as special legislation.

**Constitution — special and general legislation.**

2. A law is general if the class to which it applies requires or justifies legislation peculiar to itself in the matters covered by the law. It is special if the classification is purely arbitrary.

**Same — class legislation.**

3. The power to classify is legislative and the courts will not declare a classification void unless it is manifestly arbitrary.

**Statute not local legislation.**

4. The fact that there is only one city now in the class is not de-

[1]Reported in 174 N. W. 414.

143—M. 28

cisive. If the statute is so framed as to apply automatically to other cities as they may acquire the characteristics of the class, then the statute is general.

Upon the relation of O. P. Flaten and others the district court for Chippewa county granted its writ of certiorari to review the proceedings for the consolidation of Independent School District of Granite Falls and School District No: 21 of Chippewa county. The matter was heard before Qvale, J., who made findings and quashed the writ. From the judgment entered pursuant to the order quashing the writ, relators appealed. Affirmed.

*C. A. Fosnes,* for relators.

*Bert O. Loe,* for respondents.

HALLAM, J.

Certiorari to review a proceeding for the consolidation of two school districts in the city of Granite Falls. The proceeding was under chapter 453, p. 757, Laws of 1917. The statute was followed, and if the statute is valid the consolidation proceeding is valid. The contention is that the statute violates section 33, article 4, of the state Constitution which prohibits local or special legislation "regulating the affairs of * * * any *. * * school district" and that it is void.

The pertinent language of the statute is:

"When an incorporated village or a city of the fourth class contains two or more school districts of any kind situated wholly or in part within the corporate limits of such village or city, when only one of such districts maintains a state high school, such district may be consolidated and form one district in the manner hereinafter provided."

The particular contentions are that the language of the statute is such that, at present, it can have application only to the city of Granite Falls, and that by its terms it cannot become applicable to any city or village which may hereafter come into the same class.

A law is general if the class to which it applies requires or justifies legislation peculiar to itself in the matters covered by the law. State v. Cooley, 56 Minn. 540, 58 N. W. 150. It is special if the classifica-

tion is manifestly arbitrary. The power to classify subjects of legislation is a legislative power, and it is only when the classification is so manifestly arbitrary as to evince legislative purpose of evading the Constitution, that the courts will interfere and declare the legislation special and therefore void. State v. Westfall, 85 Minn. 437, 89 N. W. 175, 59 L.R.A. 297, 89 Am. St. 571.

The classification in this case does not seem to us an arbitrary one. There is no apparent impropriety in placing in a class by themselves villages and fourth class cities, having, wholly or in part, within their limits, two or more school districts, one of them a high school.

If it be true that this statute can only apply to the city of Granite Falls, this fact is not decisive of its character. The fact that there is only one city now in the class is no objection to the classification, if it is otherwise proper. State v. Sullivan, 72 Minn. 126, 75 N. W. 8; Marwin v. Board of Auditorium Commrs. 140 Minn. 346, 168 N. W. 17. If the classification is a proper one and the statute is so framed as to apply automatically to other cities and villages as they may acquire the characteristics of the class, then the statute is general and not special. State v. Rogers, 97 Minn. 322, 106 N. W. 345. This statute is plainly of this character. The language "when an incorporated village or a city of the fourth class contains two or more school districts" etc., is of future as well as present application.

The conclusion is that the statute is constitutional and the proceeding under it is valid, and the writ of certiorari was properly quashed.

Judgment affirmed.