## JOHN E. MERRITT v. EVAN HUGHES AND OTHERS.[1]

June 22, 1928.

No. 26,769.

**Mankato special school district not required to advertise for bids in purchase of school equipment exceeding $500.**

Sp. L. 1878, c. 156, created the board of education of the city of Mankato as a special school district with power to erect schoolhouses and purchase equipment for the schools without requiring it to advertise for bids therefor. The act contains a provision making the general school laws applicable to the district except as otherwise provided, and a provision that the act shall not be affected by any subsequent act unless specially mentioned therein. *Held* that L. 1913, c. 244, requiring common and independent school districts to advertise for bids before letting contracts for the purchase of school furniture, does not apply to this district.

Schools and School Districts, 35 Cyc. p. 955 n. 23.

Plaintiff appealed from an order of the district court for Blue Earth county, Harry A. Johnson, J. refusing to grant a temporary injunction restraining defendants from making contracts and expenditures for the purchase of equipment for two school buildings. Affirmed.

*S. B. Wilson, Jr.* and *Josiah A. Baker,* for appellant.

*Pfau & Pfau, H. L. & J. W. Schmitt* and *Charlotte Farrish,* for respondents.

TAYLOR, C.

Defendant board of education of the city of Mankato is a special school district created under that name by Sp. L. 1878, p. 439, c. 156. The individual defendants are the members and officers of defendant board of education. The defendants have erected two new school buildings and have purchased or contracted to purchase quantities of school furniture and equipment of the value of more

[1]Reported in 220 N. W. 164.

than $500 from each of several manufacturers without advertising for bids or receiving bids therefor.

Plaintiff, a resident and taxpayer of the district, brought this action on behalf of himself and all other taxpayers of the district to enjoin defendants from making these purchases or expending the funds of the district therefor on the ground that they had failed to advertise for bids. He applied for a temporary injunction restraining defendants from making such contracts or expenditures during the pendency of the action, and appeals from an order refusing to grant it.

Plaintiff claims that these purchases and contracts to purchase are illegal under G. S. 1923, § 2846, which reads in part:

"No contract * * * for the purchase of furniture, fixtures, or other property, * * * the estimated cost or value of which shall exceed five hundred dollars ($500.00), shall be made by the school board of any common or independent school district without first advertising for bids or proposals in some newspaper of the county by two (2) weeks' published notice * * *."

Defendants claim that this provision does not apply to defendant board of education, and whether it does is the question presented.

School districts are divided into three classes: Common school districts, independent school districts, and special school districts. The latter class consists of those districts which were created by special laws prior to the constitutional amendment prohibiting the enactment of such special laws. The act creating defendant board of education as a special school district gave it full power to erect schoolhouses and to purchase any personal property necessary for the schools. The act contains no provision requiring the board to advertise for or receive bids. Section 20 of the act contains this provision:

"The general school laws of the state shall apply to and govern said school district, except as herein provided."

Section 21 of the act declares:

"This act is not to be repealed or affected by any subsequent act unless specially mentioned therein."

Plaintiff contends that the adopting provision quoted from § 20 of the special law makes G. S. 1923, § 2846, previously quoted, applicable to this district. The school laws in force when the special law was enacted contained no provision in respect to advertising for or receiving bids, and consequently no such provision was adopted or made applicable to defendant district by the adopting provision of the special law when originally enacted. If defendant district is now required to advertise for and receive bids, it is by virtue of some law subsequently passed and now in force. The school laws now in force, other than former special acts creating special districts, are found in G. S. 1923, c. 14. They consist of the school laws in force when defendant district was created as subsequently modified and amended, and of numerous later laws passed at various times. Some of these laws are general in form; some by their terms apply only to common school districts; some only to independent districts; some only to special districts; some to common and independent districts; and some to all districts.

The provision here in question was enacted in 1913 and is c. 244 of the laws of that year. This act consists of three sections and was adopted as an independent act·and not as amendatory of any prior act. The title of the act is:

"An act relating to the advertising for bids and the letting of contracts by school boards of common and independent school districts."

The title restricts the operation of the act to those two classes of school districts and to the specified subject matter. If the act contained provisions relating to another class of school districts or a different subject matter, such provisions would be within the inhibition of the constitution and void. 6 Dunnell, Minn. Dig. (2 ed.) § 8909, and cases cited. The act by its terms however applies only to common and independent school districts. The legislature was careful to limit it to those two classes of districts both in the title and in the body of the act, and clearly did not intend to include special districts within its operation.

The question here is whether the act of 1913, which by its title and its terms is expressly limited to common and independent school districts, thereby necessarily excluding special school districts from its operation, applies to defendant district. If it does, it must be a general school law within the meaning of the adopting clause of the special act and must not be excluded by the provision that the special act is not to be "affected by any subsequent act unless specially mentioned." Assuming, without deciding, that this excluding clause does not exclude general laws which by their terms apply to all school districts nor general laws which by their terms apply to special school districts, although this special act is not mentioned therein, yet we think it must be given the effect of excluding laws plainly intended to apply only to other than special school districts. We are also of opinion that this law cannot be deemed a general school law within the meaning of the adopting provision of the special act, for it does not apply to school districts generally nor to the class of districts created by special acts, but only to two classes of districts, neither of which includes defendant district. We reach the conclusion that the complaint states no cause of action, and therefore the order appealed from must be and is affirmed.

WILSON, C. J. took no part.