MARTIN GUNDERSON v. FRED WILLIAMS AND OTHERS.[1]

September 28, 1928.

No. 26,607.

**Salary act constitutional.**
  L. 1913, c. 445, providing that the voters of the district at the annual town meeting may fix the salaries of their school officers in ten-town school districts having less than 30 schools and a high school, is constitutional.

Statutes, 36 Cyc. p. 1010 n. 50.

Plaintiff appealed from an order of the district court for St. Louis county, Magney, J. sustaining defendants' demurrers to his complaint. Affirmed.

*William K. Montague,* for appellant.

*George H. Spear* and *Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondents.

DIBELL, J.

Taxpayer's action to recover a judgment in favor of the defendant school district against its officers for the amount of salaries illegally paid them. The defendants demurred, the court sustained the demurrers, and the plaintiff appeals.

The defendant School District No. 9 in St. Louis county is a ten-town school district. Under the provisions of G. S. 1913, § 2719 (L. 1911, p. 189, c. 148, amended by L. 1913, p. 650, c. 445) the salary of officers in such school districts is fixed as follows:

"Two hundred dollars ($200) a year where such district contains thirty public schools; four hundred dollars ($400) a year where such district contains thirty-one public schools but less than sixty-one; six hundred dollars ($600) a year where such district contains sixty-one public schools but less than ninety-one; eight hundred dollars ($800) a year where such district contains ninety-one public

[1] Reported in 221 N. W. 231.

schools or more; provided, that in such common districts containing less than thirty public schools and in which is maintained a high school, the annual compensation of the members of the school board shall be fixed at the annual school meeting."

The section quoted is not carried into any subsequent compilation but is referred to in G. S. 1923, § 3156. The defendant school district is a school district containing less than 30 public schools in which is maintained a high school; and, under the provisions quoted, the officers were voted a salary of $600 each at the annual school meeting. The only question is whether this statute is special legislation inhibited by constitution, art. 4, § 33.

The question seems to present no difficulty. The question of classification is primarily for the legislature. It is not enough that we do not see all the facts justifying the classification. To declare the statute unconstitutional, we must say that the legislature could not reasonably and intelligently make the classification. 1 Dunnell, Minn. Dig. (2 ed.) §§ 1674, 1675, 1678-1681, and cases cited; Otis v. Parker, 187 U. S. 606, 23 S. Ct. 168, 47 L. ed. 323; Patsone v. Pennsylvania, 232 U. S. 138, 34 S. Ct. 281, 58 L. ed. 539; Armour & Co. v. North Dakota, 240 U. S. 510, 36 S. Ct. 440, 60 L. ed. 771; Merrick v. N. W. Halsey & Co. 242 U. S. 568, 37 S. Ct. 227, 61 L. ed. 498.

The ten-township school districts extend over a large territory in the sparsely settled regions of the state far to the north. There are few of them. One of the briefs states that this district contains 900 square miles. It is one of a few of such districts that contains a high school. The effort has been to make this district afford to the school children within it an opportunity for school facilities through the high school. It is not difficult to see that such a district, so large geographically and with less than 30 schools, presents problems of greater difficulty than if the population were dense and the area smaller, and that there is entailed upon the school board much more labor in so arranging the schools that all the school children may have common school facilities and at the same time an opportunity to reach the high school. The work is

greater than if there were no high school. Perhaps it is greater than if there were several high schools. 'At any rate there are reasons which we can see for permitting compensation to be voted the school officers, and there may be reasons for doing so which we do not see. It does not seem dangerous to give to the school district the power to vote a salary and, if it has the power, the amount which it voted presents no difficulty.

In State ex rel. Flaten v. Independent School Dist. 143 Minn. 433, 174 N. W. 414, a classification was sustained providing for the consolidation of two or more school districts when only one such district maintained a state high school. In Independent School Dist. No. 36 v. Independent School Dist. No. 68, 165 Minn. 384, 206 N. W. 719, a classification referring to an incorporated borough, village or city of 7,000 or less inhabitants having within its limits a school district however organized was sustained. In State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457, a classification based on area and assessed valuation was sustained. See also Common School Dist. No. 85 v. County of Renville, 141 Minn. 300, 170 N. W. 216; In re Petition for Enlargement of School Dist. No. 93, 155 Minn. 41, 192 N. W. 345; School Dist. No. 30 v. Consolidated School Dist. No. 30, 151 Minn. 52, 185 N. W. 961.

Order affirmed.

STONE, J.

I dissent.