ESTATE OF WICKESBERG: OUTAGAMIE COUNTY, Respondent, vs. SHIER, Administratrix, Appellant.

*September 13—October 11, 1932.*

For the appellant the cause was submitted on the brief
of *George Crawford* of Gillett.

For the respondent Outagamie county there was a brief by *Stanley A. Staidl*, district attorney, and *Oscar J. Schmiege*, assistant district attorney, and oral argument by *Mr. Staidl*.

On behalf of the state there was a brief by the *Attorney General* and *J. E. Messerschmidt*, assistant attorney general, and oral argument by *Mr. Messerschmidt*.

FAIRCHILD, J. The position of the administratrix that this homestead descends to the direct heirs exempt from all claim by the county for reimbursement for advances to the owner under the old-age pension law is untenable because of the provisions contained in the act providing for this form of relief.

Appellant bases her contention on the proposition that the statutes and decisions of this state referring to homesteads require the descent of this homestead in equal shares to the three children subject to and charged only with the expenses of the funeral and the costs and charges of administration; and therefore the claim of Outagamie county for old-age assistance ought to be denied, the statutes upon which she relies being secs. 237.02 and 272.20.

Sec. 272.20, which provides for homestead exemption, does say that a homestead shall be exempt from seizure or sale on execution and from the lien of every judgment and from liability in any form for the debts of the owner to the amount and value of $5,000 except laborers', mechanics', and purchase-money liens, and mortgages lawfully executed and taxes lawfully assessed, "except as otherwise provided in these statutes." But the statutes which relate to the old-age pension, so far as material here, read:

"Section 49.23. Old-age assistance shall not be granted or paid to a person . . . : (2) If the value of his property . . . exceeds three thousand dollars."

Sec. 49.25 provides that—

"On the death of a person who has been assisted under sections 49.21 to 49.39, . . . the total amount paid together with simple interest at three per cent. annually shall be allowed and deducted from the estate of such person . . . by the court having jurisdiction to settle the estate. . . ."

Although the old-age pension law does not refer to the particular sections which provide for the exemption of the homestead and the descent thereof to the heirs, and while it is complete in itself, still it carries with it a plain intent on the part of the legislature to subject a homestead, under circumstances such as here exist, to liability for such advances. There is no requirement that every act shall recite all other acts that its operation may affect by way of modification or extension. 1 Lewis' Sutherland on Statutory Constr. (2d ed.) § 239. This legislation brings the homestead when worth $3,000 or less into the old-age pension scheme if the owner receives aid under sec. 49.23 *et seq.* The owner of a homestead becomes eligible to this assistance only in case his property is worth less than $3,000. It will hardly be contended that the word "property" as used in this statute means holdings over and above his homestead, for the logic of that is to put among the eligibles one having a $5,000 homestead and $3,000 in other property. The legislature in its effort to carry relief to those needing it and to hedge the public treasuries about with adequate protection against imposition by the designing, has fixed the standard by which those eligible to this class of aid are to be determined, and one requirement is set forth in the above quoted part of sec. 49.23. The subsequent section provides for the collection from those who receive this assistance. It is quite obvious from the reading of the statutes that when aid is given, the pensioner accepts the assistance on the basis set forth in the terms of the statutes.

To enable a municipality to furnish aid to one in need living in his own home the legislation under consideration was enacted. It and the legislation relating to homestead exemptions construed together result in a modification of the homestead exemptions to the extent outlined and leave a homestead under the circumstances set forth in the statement of facts liable for the advances made by the county. *State ex rel. Plowman v. Lear,* 176 Wis. 406, 186 N. W. 1014.

The constitution has intrusted to the legislature a discretion in fixing the amount of the exemption. The legislature may within reasonable bounds increase or diminish such amount from time to time. The legislature having made provision for the assistance of needy citizens of the state on condition that their property shall, under the prescribed conditions, be used to reimburse public treasuries for advances made, has acted within its power, and although not expressly amending the section with relation to homesteads it has by implication added another lien and thus modified the rule theretofore existing.

*By the Court.*—The judgment of the county court is affirmed.