## BOARD OF EDUCATION OF CITY OF DULUTH v. WALTER H. BORGEN AND OTHERS.
## TAXPAYERS LEAGUE OF ST. LOUIS COUNTY, INC., INTERVENER.[1]

September 28, 1934.

No. 30,265.

[1]Reported in 256 N. W. 894.

368

*Jenswold, Jenswold & Dahle,* for appellant.

*Charles E. Adams,* for respondent Walter H. Borgen.

*Baldwin, Holmes, Mayall & Reavill,* for Taxpayers League of St. Louis County, Inc., intervener-respondent.

*JULIUS J. OLSON, Justice.*

Petitioner has appealed from a declaratory judgment entered in the court below upholding the contentions of respondents.

This is a proceeding brought by petitioner for a declaratory judgment pursuant to L. 1933, c. 286, to construe a matter relating to levying and collection of taxes for school purposes in the city of Duluth.

The facts are not in issue and may be summarized thus: Appellant school district was created by Sp. L. 1891, c. 312. Ever since the formation of the district under this act the territorial limits thereof have been the same as those of the city of Duluth. Under § 13 of that chapter it is provided:

"Upon and after the passage of this act said Board of Education of the city of Duluth shall be governed by the provisions of the General Laws of the state of Minnesota governing independent school districts, not inconsistent with the provisions of this act, and by the general school laws of the state of Minnesota not inconsistent with this act and with the laws of Minnesota governing such independent school districts."

The chapter referred to contains no provision in respect of the levying of taxes, nor is any limitation imposed in respect thereof. The city of Duluth is and ever since prior to the year 1917 has been a city of the first class operating under a home rule charter. The

charter does not fix or limit the amounts which may be expended for school purposes.

The county auditor of St. Louis county and the board of education of the city of Duluth, acting in good faith and in the belief that L. 1917, c. 372 (1 Mason Minn. St. 1927, § 3014), and L. 1921, c. 332, were inoperative as to the district, have at all times in their annual levy and collection of taxes for school purposes wholly disregarded the provisions of those chapters, or either thereof. They have made no specific levies for any of the specified funds set forth in paragraphs one to four, inclusive, of § 1 of said act of 1921 or of paragraphs one to five, inclusive, of L. 1917, c. 372, § 1. Neither have they limited the total levy as specified in either of said acts. As a matter of fact they have made annual levies for the general fund in excess of the 20 mills on each dollar of taxable property in said district and annual levies for the building fund.

It is the claim of petitioner that it is a special district operating under its original grant of power, Sp. L. 1891, c. 312, and that the two acts herein referred to have no application to it. It is next contended that if these acts, or either thereof, apply to that district, they are unconstitutional and void because violative of art. 4, §§ 33 and 34, and art. 8, §§ 1 and 3, of our constitution. Lastly, it is claimed that if the foregoing acts are constitutional, they are, except as to the limitation of 12¾ mills specified in the fifth subdivision of the 1917 act, both valid and applicable to the district and that as such it has the authority to levy additional taxes to the full extent permitted by both.

The court below was of the view that L. 1917, c. 372, was repealed by implication by the passage of L. 1921, c. 332, or that said c. 372 was superseded by the provisions of said c. 332. The court was also of the opinion and so held that the power of the school board to levy taxes is defined and limited by L. 1921, c. 332, and that said statute is valid and does not contravene any provisions of the constitution of this state. Accordingly, the court ordered judgment upholding the provisions of that chapter and directed the entry of judgment in conformity therewith. A declaratory judgment was accordingly entered in conformity with the court's findings and

order therefor on August 31, 1934. Petitioner, being aggrieved thereby, has appealed to this court for review.

■ .The first question to determine is whether or not the acts referred to, or either thereof, are applicable to the petitioner. The 1917 act had its inception in L. 1899, c. 77. The history of the earlier statutes may be useful in determining the question here for review.

The three large centers of population in this state, that is to say, Minneapolis, St. Paul, and Duluth, have been operating under special laws. The Minneapolis board of education was created by Sp. L. 1878, c. 157. St. Paul was made a separate and independent school district by Sp. L. 1891, c. 36. The Minneapolis district, by amendment to the first enactment creating it, was limited to four mills in respect of taxes to be levied for school purposes. The St. Paul law fixed a limit of two and one-half mills. The Duluth law, as heretofore noted, contained nothing with respect of tax limitation. This situation continued and existed until 1899, when the legislature enacted c. 77. By § 1 of that act it was provided that school districts "now or hereafter having over 50,000 inhabitants are hereby empowered to raise annually by taxation independently of and in addition to other sums for school purposes authorized by law," an amount not exceeding the limitations fixed by that enactment. By virtue of this act Minneapolis was privileged to increase its school levies to five and one-half mills; St. Paul to four mills. L. 1901, c. 30, amended the 1899 act by providing that districts of this type might make a further increase in school levies. But it was specifically provided "that the total tax levy made by any such school district for the maintenance of the public schools within such district shall not exceed eight (8) mills on each dollar of such assessed valuation in any one year."

It is apparent that this enactment had for its object and purpose the limitation of taxes to be levied in the Duluth district. This must be so because at the time of its enactment the St. Paul district could levy only five and one-half mills and the Minneapolis district only seven mills. There being but three such districts in

the state, it does not seem within the range of reason that any other district than Duluth was aimed at.

R. L. 1905, § 1415, with certain changes, came from L. 1901, c. 30. L. 1907, c. 308, amended R. L. 1905, § 1415, so as to provide that such districts might levy, independently of and in addition to other sums for school purposes authorized by law, an amount not exceeding four mills. L. 1913, c. 270, again amended the amount of school levy in such districts by making provision for further levies, but a limitation was placed of a total tax levy not exceeding nine mills on the dollar. L. 1915, c. 265, made further changes by providing further and greater levies but fixed the limitation at ten and one-quarter mills. L. 1917, c. 372, further increased the limit as therein stated but provided that the total levy should not exceed $12\frac{3}{4}$ mills, not however including state and county school tax. That statute also contained a provision that the act should not apply to school districts within the limits of a city of the first class operating under home rule charter which fixed the amounts which might be levied for school purposes. It will thus be noted that each succeeding statute was an express amendment of a prior enactment.

L. 1921, c. 332, does not appear to be an amendatory statute. Rather it appears upon its face to be a new enactment. The title of the act reads as follows:

"An act relating to and providing for the levy of additional school taxes in school districts in the state of Minnesota within the limits of cities of the first class operating under home rule charter, which does not fix the amounts which may be expended for school purposes."

The act provides:

"In every independent school district within the limits of a city of the first class operating under a home rule charter, which does not fix the amounts which may be expended for school purposes, there may be levied, and the board of education, or other school board therein, is hereby authorized to and may levy annually, independently of and in addition to all other sums for school purposes now authorized by law to be levied, the following additional amounts of taxes for the following named school purposes:"

Then follows a list of four specific purposes and the levies that may be made for each thereof. The last paragraph reads thus:

"Provided, that the total annual levy of taxes for school purposes in any such district, exclusive of the state and county school taxes therein, and exclusive of all levies authorized for the purposes mentioned in paragraphs 1, 2, 3 and 4 hereof, and exclusive of the levies authorized for interest and sinking fund purposes and for teachers' retirement fund association purposes, and for the purposes mentioned in chapter 166 of the General Laws for 1917, shall not exceed 20 mills on each dollar of the taxable property of the district."

Petitioner's contention that the 1921 statute is by its terms inapplicable to the Duluth district cannot be sustained. Section 1 of the chapter referred to confines its provisions to every independent school district. It is true, as was determined by this court in Merritt v. Hughes, 175 Minn. 30, 220 N. W. 164, that the Duluth district was and still remains a special district. But the vital distinction between the Mankato school case (that being the case just cited) and the one before us is that the Duluth district was created to be governed "by the provisions of the general laws of the state of Minnesota governing independent school districts, * * * and by the general school laws of the State of Minnesota" not inconsistent with that act "and with the laws of Minnesota governing such independent school districts." It would therefore appear that under this provision subsequent general laws applying only to the independent school districts of this state are applicable to the Duluth district, since the act creating the district specifically provides that such should be the case.

The Mankato case is further distinguishable in this respect: Sp. L. 1878, c. 156 (that being the act creating the Mankato district) in § 21 thereof provides: "This act is not to be repealed or affected by any subsequent act unless specially mentioned therein."

The history of the enactment of the 1921 law indicates rather conclusively that it was the intention of the legislature to include the Duluth district. The bill was introduced in the house as House File No. 502. It was introduced by Representatives Cullum and

Bernard, both Duluth members (see page 280, House Journal). A similar bill, Senate File No. 95, was introduced in the senate by Senators Adams, Erickson, and Ribenack, all from the city of Duluth. We think the trial court correctly held that the 1921 enactment superseded or repealed by implication the 1917 act. While the two acts are not in express terms repugnant, yet the later act seems to cover the subject matter of the earlier. It does not purport to amend it. It seems to us that it plainly shows an intention to substitute the same for the earlier act. 6 Dunnell, Minn. Dig. (2 ed.) § 8926, and cases there cited.

■ Petitioner urges that in view of the specific finding by the court below, that the officers of the school district and of the county over a period of many years acted under the special act creating the district without regard to subsequent statutes, the result is a practical construction and that as such the rule stated in State v. Church of Incarnation, 158 Minn. 48, 53, 196 N. W. 802, 804, is applicable, viz.: "The construction given a law by the officials charged with the duty of applying it, if acquiesced in for many years by the public, is entitled to much weight." See also State v. N. P. Ry. Co. 95 Minn. 43, 47, 103 N. W. 731; In re Estate of Boutin, 149 Minn. 148, 182 N. W. 990. This action is one brought by the petitioner to obtain a judicial construction of the applicable statutes. Unless mere time is to be a bar, the duty of the court is plain, namely, to construe the statute and determine its force and effect. No vested or property rights are involved. The question is whether a legal tax shall be enforced. The mere fact that illegal taxes have been levied and collected in the past should not be conclusive against a construction obviously fitting. As was said in the case of State v. Church of Incarnation, 158 Minn. 48, 53, 196 N. W. 802, such construction should not be permitted as to "preclude those against whose property the tax is levied from objecting to a continuance of the exaction in the future."

The rule of practical construction is not entitled to much weight against the state in determining the taxability of property. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8952; Thorne v. State, 145 Minn. 412, 177 N. W. 638. Rules of construction "are not the masters

of the courts, but merely their servants to aid them in ascertaining the legislative intent." 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8937. As the 1921 law was passed at the instance of the representatives from the city of Duluth, there seems little reason why the school district should not conform to the law sought and obtained through its own legislative representatives. Nor can it be reasonably contended that the 1921 act is to be construed as being an additional means to increase the taxes permitted in the 1917 act so as to permit both to be operative together. The limitation in the last paragraph of the 1921 act preserves the levies under the 1917 act in so far as they fall within the purposes mentioned in subsections one to four of the 1921 act. If these levies are to be in addition to those of the 1917 act, then the result is that there can be levied for buildings, equipment, and furnishings the six mills under the 1917 act plus the six mills under the 1921 act, or a total of 12 mills. We conclude that by giving effect to the 1921 law in accordance with the views expressed by the trial court we are reaching a result that harmonizes with reason and gives effect to the obvious intent and purpose of the legislature.

▆ Petitioner attacks the acts discussed in the previous subdivision as being unconstitutional and violative of art. 4, §§ 33 and 34, and art. 8, §§ 1 and 3, of the constitution, that is to say, that the acts are class legislation. We do not think so. In State ex rel. Bd. of Ed. v. Minor, 79 Minn. 201, 81 N. W. 912, L. 1899, c. 77, was attacked on this ground, that is to say, that it was not a general law but was class legislation. This court ruled otherwise. Many decisions have been written upholding that view. State ex rel. Bd. of C. & C. H. Commrs. v. Cooley, 56 Minn. 540, 58 N. W. 150; Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623; Kaiser v. Campbell, 90 Minn. 375, 96 N. W. 916; Farwell v. City of Minneapolis, 105 Minn. 178, 117 N. W. 422; Wall v. County of St. Louis, 105 Minn. 403, 117 N. W. 611; State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457; Thorpe Bros. Inc. v. County of Itasca, 171 Minn. 312, 315, 213 N. W. 914. In Gunderson v. Williams, 175 Minn. 316, 221 N. W. 231, it was held that to find such act unconstitutional on the ground mentioned it must be found that the legislature could

not reasonably and intelligently make the classification. The legislature is presumed to have acted with knowledge of all the facts necessary to make an intelligent classification. State v. Phillips, 176 Minn. 472, 223 N. W. 912. The mere fact that the act may apply to only one or only a few municipalities is unimportant; if the classification is not arbitrary or special but applies generally and uniformly throughout the state, the classification will be upheld.

"If the object of a law have characteristics so distinct as reasonably to form for the purpose legislated upon a class by itself, the law is general, notwithstanding it operates upon a single object only." 1 Sutherland, Stat. Const. (2 ed.) p. 353, § 196.

The late Justice Dibell, speaking for the court in State v. Cloudy & Traverse, 159 Minn. 200, 203, 198 N. W. 457, 458, aptly said: "That entire harmony or logical consistency should exist in the application of so general a constitutional provision to so many particular instances is not to be expected." See 1 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 1677-1679, wherein the cases bearing upon this subject are fully discussed.

We conclude that the learned trial court correctly disposed of the issues presented. It follows that the judgment should be and hereby is affirmed.