## BOARD OF EDUCATION OF CITY OF MINNEAPOLIS v. AL P. ERICKSON.[1]

December 11, 1940.

No. 32,691.

[1]Reported in 295 N. W. 302.

*R. S. Wiggin,* City Attorney, and *Charles A. Sawyer,* Assistant City Attorney, for appellant.

*Frank J. Williams,* Assistant County Attorney, and *Karl W. Windhorst,* Special Assistant County Attorney, for respondent.

HILTON, JUSTICE.

This appeal seeks a reversal of an order sustaining a demurrer to a complaint in a declaratory judgment proceeding whereby it was decided that appellant, Board of Education of the city of Minneapolis, had no "emergency" power to exceed the levy limit of 22 mills fixed by the Minneapolis City Charter, c. 18, § 6.

In substance the complaint alleges that because tax values have declined and tax delinquency increased, appellant's authorized income cannot meet the costs of maintaining its physical plant or the salary schedules of the employes, by reason of which the health and safety of the school children and the morale of the teachers is in grave danger, all of which creates an emergency in the Minneapolis school system making impossible the maintenance of a "thorough and efficient system of public schools." Minn. Const. art. 8, § 3. Appellant requests a declaration that such emergency exists; that in meeting this emergency and in providing a thorough and efficient system of schools it has power to exceed the 22-mill limitation to the extent of $607,700; and that respondent, the county auditor, is required by law to spread this levy upon his books.

In our opinion the lower court may be sustained without any extended review of authorities or argument. In essence, the problem is this: Does legal justification exist for the attempted disregard by the board of a clear provision of law which restricts its power to levy property taxes to 22 mills? Appellant, for two reasons, supports the affirmative. First, an emergency exists in the

Minneapolis school system, the termination of which requires more revenue; second, any charter provision which operates to cause, through a restriction of its taxing power, the conditions described in the complaint is invalid or inoperative.

Implicitly present in both grounds thus advanced to justify disregard of established law is the assumption that the maintenance of a "thorough and efficient system of public schools," by taxation or otherwise, is the obligation of and mandate to the board of education. Also, whenever in its judgment the existing revenues are insufficient to provide the kind of a system which it regards as "thorough and efficient," an emergency exists, or, if not, the restrictions of law do not operate.

We think the statement of these premises refutes the appellant's entire case. By our constitution the mandate of establishing a general and uniform system of public schools was directed to the legislature. Minn. Const. art. 8, § 1. Further, "the legislature shall make such provisions, by taxation or otherwise, as, with the income arising from the school fund, will secure a thorough and efficient system of public schools in each township in the state." *Id.* art. 8, § 3. The method by which these objectives were to be accomplished was left to legislative determination.

With respect to Minneapolis, the education system was directed and financed through the functioning of a board of education established by Sp. L. 1878, c. 157, as amended. However, in 1920 pursuant to Minn. Const. art. 4, § 36, a home rule charter for Minneapolis was adopted which incorporated all special and general laws relating to Minneapolis education into chapter 18. Thereunder, the present board is given broad powers of management and control of all educational facilities. By § 6, it is "authorized and empowered to levy upon the taxable property in said city, in each and every year, such taxes as will raise sufficient sums of money for all school purposes, of every character in said city, * * * provided, *that the aggregate annual levy* of such taxes in any one year, exclusive of state and county school taxes, *shall not exceed 22 mills* on each dollar of the assessed valuation of the

taxable property of the city as determined by the last assessment for city, state and county purposes." (Italics ours.)

When this mill limit was fixed by the charter amendment of 1921, the electorate of Minneapolis apparently regarded this outside limit as sufficient to raise funds for all school purposes. Allegations in the complaint contend that today this limit is too restrictive. But we are not authorized in law or inclined on principle to sanction a self-assumed power to expand this limit. Application for the desired relief must be made to those with capacity to act. Clearly, courts have no power to grant the relief requested.

Through the city charter, legislative power over education has been delegated by the legislature to the electorate of Minneapolis. Though such delegation of power is entirely permissible, the legislature's plenary power of legislating in this as in other fields is not thereby limited or impaired. See State ex rel. Board of Education v. Erickson, 190 Minn. 216, 224, 251 N. W. 519. However, until the legislature has acted to create a lack of harmony between its law and the provisions of the charter (Minn. Const. art. 4, § 36), the legislative power exercised by the electorate of Minneapolis has the same force and effect as if exercised by the legislature itself. Legislative restriction upon the taxing power of a board of education has been upheld. Board of Education v. Borgen, 192 Minn. 367, 256 N. W. 894. The present charter provision is not less restrictive.

No concept of emergency power, however modern, can justify this attempted departure by a governmental agency from fixed limitations upon its taxing power imposed by its creator.

Order affirmed.