STATE EX REL. PLOWMAN and another, Executors, Appellants, vs. LEAR, Town Clerk, and another, Respondents.

*February 8—March 14, 1922.*

*Highways: Laying out highways: Award of damages by assessment or agreement: Appeal: Statutes in pari materia: Construction.*

1. In a proceeding to lay out a highway under sec. 1270, Stats., an agreement between the town board and a property owner as to the damages sustained by him is an award of damages although not arrived at by assessment; and sec. 1286a, Stats., authorizes an appeal by a taxpayer to the county judge from an award of damages whether the amount was ascertained by assessment or agreement.

14]          JANUARY TERM, 1922.          407

State ex rel. Plowman v. Lear, 176 Wis. 406.

2. Statutes *in pari materia* must be construed together, and re-
course must also be had to the object of the legislature and
the rights obviously sought to be safeguarded.

APPEAL from a judgment of the circuit court for Wau-
paca county: BYRON B. PARK, Circuit Judge.  *Affirmed.*

In laying out a highway the town board, pursuant to the
provisions of sec. 1270, Stats. 1919, entered into a written
agreement with the owner of the land through which the
highway ran as to the amount of damages sustained by the
owner.  Two resident taxpayers, pursuant to sec. 1286*a*,
Stats. 1919, took an appeal to the county judge from such
agreement as to damages.  The relators objected to the
jurisdiction of the judge, but the objections were overruled
and the judge proceeded to draw a jury and assess the dam-
ages.  Upon review by *certiorari* from the circuit court the
jurisdiction of the county judge was sustained, and from
a judgment entered accordingly the relators appealed.

For the appellants there was a brief by *John C. Hart* of
Waupaca, and oral argument by *B. R. Goggins* of Wiscon-
sin Rapids.

For the respondents there was a brief by *Browne, Browne
& Smith* of Waupaca, and oral argument by *L. D. Smith.*

VINJE, C. J.  Does sec. 1286*a*, Stats., authorize an ap-
peal from an agreement as to damages by a taxpayer?
The relators claim that such appeal lies only from an award
of damages and not from an agreement as to damages.  Sec.
1286*a* reads as follows:

"Any resident and taxpayer of a town in which a high-
way shall be laid out, altered or discontinued, or if such
highway is laid out, altered or discontinued on the town
line between two towns, or extending from one town into
an adjoining town, under sections 1272 and 1273 of the
statutes, then any taxpayer residing in either of said towns
which is required by the award of damages made upon so
laying out, altering or discontinuing such highway to pay

damages therefor, may within forty days after the making of any order awarding such damages, whether made in the first instance by the town board or town boards of said town or. towns, or made after an appeal or appeals in such proceedings made in sections 1276 and 1281 of the statutes, believing such damages excessive, may appeal to a justice of the peace in the same or in an adjoining town in the county, or to the county judge of the same county for a jury to assess and appraise such damages sustained by any number or all the persons to whom damages were so awarded for lands in the town where he resides. Such application shall be in writing, describing the premises and naming the persons to whom damages were awarded to be paid by such town and the amount awarded to each by the town board or town boards, and shall also specify whether he appeals from the whole of such award or if only from a portion thereof the part from which he appeals. The party shall serve upon two of the supervisors of the town where he resides or of a town to which shall have been assigned the duty of paying the damages from the award of which he appeals, at least six days before the time fixed from making such application, a notice in writing specifying therein the name of the judge or justice to whom and the time and place when and where such application will be made."

Relators argue that since originally only the owner of the land through which the highway was laid out could appeal, sec. 1285, enacted in 1869, and since later by sec. 1289, enacted in 1876, such right was also given to the town supervisors, and finally by sec. 1286a, enacted in 1901, the right was given to taxpayers from an award of damages, it is evident that the right to appeal has been limited, and has been gradually extended. Therefore, since the right to appeal is purely statutory, the court should not extend the language of the statute beyond its express statement, and it is claimed there can be no order awarding damages where there is only a written agreement. It is also pointed out by them that sec. 1286a nowhere in terms gives the right of appeal from an agreement as to damages but only from an award; that throughout the section speaks

State ex rel. Plowman v. Lear, 176 Wis. 406.

only of an award, or of awarding damages, and nowhere mentions an agreement. This is quite true, and were we limited to an examination of only said section the conclusion sought to be established by the relators would be quite conclusive. But statutes *in pari materia* must be construed together, and recourse must also be had to the object of the legislature and the rights obviously sought to be safeguarded. So we must inquire whether or not, under the whole statutory scheme as adopted by the legislature, the term *award* or *award of damages* may include an agreement as to damages. It is plain that sec. 1270 provides two methods of determining damages: one by a written agreement, and the other where no agreement can be reached by an assessment and award of damages. But it is also equally obvious that the legislature has spoken of both as an award of damages. In one case the award is arrived at by an agreement; in the other by an assessment. Sec. 1269 provides for the filing within ten days of the order laying out the highway together with the award of damages hereinafter mentioned. Now it cannot be thought that there should be no information as to damages filed in case they were arrived at by agreement, and yet the statutes provide no other time for filing such information than the one mentioned. So, also, sec. 1291 provides that all damages lawfully awarded to any person shall be a charge against the town and provides how they may be collected. This must be held to include damages by way of agreement or else there would be no lawful way provided for collecting them. From these statutory provisions it becomes apparent that the legislature has considered an award of damages to include an agreement for damages, else the statutory scheme would be incomplete. And there is no inconsistency or ambiguity about it. Reduced to a categorical statement it results in this: The amount of damages may be determined by (1) an agreement, or (2) an assessment, both constituting an award. This does no violence to the statutory

language and preserves the statutory scheme. In both cases the judgment of the supervisors must be exercised, as much in consenting by agreement to an amount as when reaching an amount by assessment. And for this reason it also becomes apparent why the taxpayer should have his appeal from the one method as well as from the other. For the supervisors could err in judgment or be corruptly influenced as much, if not more, through an agreement as by an assessment. Our conclusion, therefore, is that the appeal is allowed by the statute and was properly taken.

*By the Court.*—Judgment affirmed.