GEORGE GREELEY, Secretary, Department of Regulation Licensing
You ask my opinion whether the League of Women Voters of Wisconsin, Inc., or any of its local league organizations, must comply with sec. 440.41, Stats., relating to the regulation of charitable solicitations. For the reasons hereinafter set forth, it is my opinion that they must, unless these organizations are "exempt persons" as described in sec. 440.41 (3). Stats.
The state league organization was incorporated as a nonstock, non-profit Wisconsin corporation under ch. 181, Stats., on April 11, 1968. In its Articles of Incorporation on file with the Secretary of State, the corporation's purposes are set forth as being "to promote political responsibility through informed and active participation of citizens in government." *Page 455 
A letter you received from the president of the corporation states that it is a volunteer organization which does not employ fund-raisers or bookkeeping personnel; that it does solicit contributions from non-members and that it and its local subsidiaries have been determined to be tax-exempt organizations by the Internal Revenue Service pursuant to 26 U.S.C. sec. 501
(c) (4).
The question here is whether the League is a "charitable organization" as defined by sec. 440.41 (1) (a), Stats.* That section provides that a charitable organization includes "any benevolent, philanthropic, patriotic or eleemosynary person or one purporting to be such." The word "person" as used in this section includes all partnerships, associations and bodies politic and corporate. Sec. 990.01 (26), Stats.
This charity licensing law, which was enacted in 1961, has not yet been construed by our Supreme Court. Thus, we must examine sec. 440.41 (1) (a), Stats., in light of the generally accepted rules of statutory construction.
Since sec. 440.41 (10) (c), Stats., provides for penalties for violations of this section, it is clear that the charity licensing law is a penal statute. The general rule is that penal statutes must be strictly construed. 3 Sutherland, Statutory Construction (3rd ed.), sec. 5604. However, as our Supreme Court pointed out in State v. Helmann (1916), 163 Wis. 639, 643,158 N.W. 286:
"* * * That does not mean that such a statute should be so construed for the purpose of minimizing its effect; but be so construed to effect the legislative intent. The sole office of judicial construction of a statute is to give efficiency to the purpose of the lawmaking power."
Or, to state the rule another way, penal statutes, like any other, should be so construed as to effect the obvious legislative purpose; but they should be strictly construed to exclude from their penalties those acts which are not clearly within the legislative purpose.State ex rel. Shinners v. Grossman (1933), 213 Wis. 135,140, 250 N.W. 832. *Page 456 
I think it is undisputed that the legislative purpose behind sec. 440.41, Stats., is to ensure that funds solicited from the public for charitable purposes are not diverted to other uses. Sec. 440.41 (2) (a) 11., Stats. Therefore, the statute should be construed to effect this purpose.
The four adjectives used in sec. 440.41 (1) (a), Stats., are general and wide-ranging terms. Their use is entirely consistent with the legislative purpose, which is to encourage contributions to charity by making sure that such contributions are used for charitable purposes.
The New York courts, in construing a statute identical in wording to sec. 440.41 (1) (a), Stats., have held that not all the purposes of an organization need be charitable in order to have it come within the meaning and intent of such a statute. Green v. Javits (1957),7 Misc. 2d 312, 166 N.Y.S. 2d 198, 201. Therefore, it is my opinion that if an organization has any purpose which can be defined as charitable, whatever other purposes it may have, it would be a "charitable organization" with in the meaning and intent of sec. 440.41 (1) (a).
That then leads me to the determinative question in this opinion — whether any of the purposes of the League are "charitable" within the meaning and intent of this statute.
In sec. 701.10 (1), Stats., relating to charitable trusts, our legislature has defined the following as "charitable purposes" for which a charitable trust may be created:
"* * * relief of poverty, advancement of education, advancement of religion, promotion of health, governmental or municipal purposes or any other purpose the accomplishment of which is beneficial to the community."
This broad definition expresses the legislative intent of favoring gifts to charity and of doing everything possible to sustain them. It is my opinion that sec. 440.41, Stats., embodies this same intent. Therefore, I feel it is proper to use the definition of "charitable purposes" found in sec. 701.10 (1), Stats., in construing sec. 440.41
(1) (a), Stats., under the rule of construction that statutes upon the same *Page 457 
matter or subject must be construed together. State ex rel.Plowman v. Lear (1922), 176 Wis. 406, 409, 186 N.W. 1014.
Applying this definition to the League's above-stated purposes, I have little difficulty in concluding that they fall within the category of being "beneficial to the community." IV Scott on Trusts (3rd ed.), secs. 374.4 and 374.5 and Bogert, Trusts and Trustees (2d ed.), sec. 378, pages 181-183.
Further support for this conclusion can be found by examining the language of 26 U.S.C. sec. 501 (c) (4), the Federal statute under which the League was granted tax-exempt status by the Internal Revenue Service. That subsection provides for an exemption as follows:
"Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes."
This subsection should be read with the provision in sec. 440.41 (3) (c), Stats., that civic organizations "which solicit contributions solely from their membership shall not be required to register with the department." Construed together, these two provisions mean that civic organizations which do solicit contributions from non-members, as the League does, are required to register with your department unless some other subsection of sec. 440.41 (3) specifically exempts them from such registration.
Section 440.41 (3), Stats., provides as follows:
"(3) EXEMPT PERSONS. The following persons shall not be required to register with the department:
"(a) Corporations organized under the religious corporations law, and other religious agencies and organizations, and charities, agencies, and organizations operated, supervised or controlled by or in connection with a religious organization; and *Page 458 
"(b) Educational institutions when solicitation of contributions is confined to its student body and their families, alumni, faculty and trustees.
"(c) Any charitable organization which does not intend to solicit and receive and does not actually receive contributions in excess of $500 during any 12-month period ending December 31 of any year, provided all of its fund raising functions are carried on by persons who are unpaid for such services. However, if the gross contributions received by such charitable organization during any 12-month period ending December 31 of any year is in excess of $500, it shall within 30 days after the date it has received total contributions in excess of $500 register with the department under sub. (2). Fraternal, civic, benevolent, patriotic and social organizations which solicit contributions solely from their membership shall not be required to register with the department.
"(d) Persons requesting any contributions for the relief of any individual, specified by name at the time of the solicitation, if all of the contributions collected, without any deductions whatsoever, are turned over to the named beneficiary.
"(e) Any local, county or area division of a charitable organization supervised and controlled by a superior or parent organization, incorporated, qualified to do business, or doing business within this state, if the superior or parent organization files a registration statement on behalf of the local, county or area division in addition to or as part of its own registration statement. Where a registration statement has been filed by a superior or parent organization, it shall file the annual report required under sub. (4) on behalf of the local, county or area division in addition to or as part of its own report, but the accounting information required under sub. (4) shall be set forth separately and not in consolidated form with respect to every local, county or area division which raises or expends more than $500 during any 12-month period ending December 31 of any year."
From the information that I now have regarding the League's structure, it appears that both subsection (c) and subsection (e) might apply here. *Page 459 
Pursuant to subsection (c), the state organization and those of its local organizations which do not receive contributions in excess of $500 during any 12-month period ending December 31 of any year, would be exempt from registration, provided all their fund raising functions were carried on by persons who were unpaid for such services.
Pursuant to subsection (e), the state organization, if it so desires, can file on behalf of its various local organizations as an addition to or a part of its own registration statement. If this procedure is followed, the local league organizations would be exempt from the registration requirements of sec. 440.41 (2), Stats. However, it should be pointed out that the state organization would then have the obligation of filing the annual report required by sec. 440.41 (4), Stats., on behalf of its local organizations.
Therefore, it is my opinion that the League of Women Voters of Wisconsin, Inc., and its local league organizations, fall within the definition of a "charitable organization" as defined in sec. 440.41 (1) (a), Stats. Thus, unless these organizations are "exempt persons" as described in sec. 440.41 (3), Stats., they must register with and submit annual reports to the Department of Regulation and Licensing as required by the provisions of secs. 440.41 (2) and (4), Stats.
RWW:SS
* In construing this section, the term "League" includes both the parent state organization and its various local organizations.